Hudson County Court of Common Pleas.

JEROME KACPROWICZ, PETITIONER-APPELLEE, v. FEDERAL SHIPBUILDING AND DRY DOCK COMPANY, RESPONDENT-APPELLANT.

Decided September 26, 1947.

For the petitioner-appellee, *Harold Krieger* (*Sylvester S. Garfield,* of counsel).

For the respondent-appellant, *James A. Robottom.*

DREWEN, C. P. J. Appellant's only contention on this appeal is that the award was made on a claim petition not filed until after the limitational period had expired. The accident occurred October 29th, 1942. The original claim petition was filed December 15th, 1943. According to the recitals in the determination and rule for judgment returned with the transcript, there was an agreement of seven per cent. of total

permanent disability "as the result of a formal settlement made on May 11th, 1944." Payments were begun and continued as stipulated in the settlement.

On July 13th, 1946, a second claim petition was filed containing the following allegation: "Petitioner has not been adequately compensated for his injury." In its answer respondent declared it had paid compensation "in accordance with formal award" and reserved the right to move for a dismissal of the petition for claimant's failure to file it within the required time. It is admitted that the second petition was not filed until more than two years after the making of the last of the payments that went to satisfy the sum agreed upon in the settlement. *R. S.* 34:15–51; *N. J. S. A.* 34:15–51; *Betsy Ross Ice Cream Co.* v. *Greif,* 127 *N. J. L.* 323; 22 *Atl. Rep. (2d)* 571.

Following the hearing of the second petition there was a finding of permanent disability of ten per cent. of total, seven per cent. of which is adjudged to have been satisfied by the payments previously made. The appeal is from that award.

While petitioner admits the lapse of more than two years between the final payment and the filing of the later claim petition, he contends that treatments administered to him by respondent's physicians and on its behalf in March and April, 1946, continued the running of the period so as to render timely the filing of the second petition. Respondent would avoid this effect of the treatments by showing that they were for nothing that has connection with the injury, but rather for a condition entirely due to an intervening, independent cause.

Petitioner's testimony is that by reason of aggravated head pains which he ascribes to the accident he returned to the plant infirmary on a number of occasions in March and April, 1946; that he had to "come back for about three weeks" every second or third day, and that the doctor gave him "different pills." He testifies further that he experienced no accident or injury, other than that alleged in both petitions, prior to the treatments now in question. The injury in this case was to the head, and it was severe, severe enough to render petitioner unconscious for several hours,

to cause him to be confined to a hospital for twenty-two days, and to render him unfit for work for four months or more. Dr. Stockfisch certified—the certificates were stipulated into evidence—that his examination of petitioner reveals a post-concussion syndrome; and respondent's own Dr. Blumberg certifies that petitioner "probably did have a cerebral concussion" and that "he shows the end results thereof now." Another of respondent's physicians, Dr. Connally, who examined petitioner in January and again in April, 1946, testified that petitioner complained to him of headaches "as a result of accident some time in the past." In the face of all this, plus petitioner's testimony concerning the persistent recurrence and aggravation of head pains following the injury, there appears to be no warrant for the conclusion urged by respondent that the disorder for which petitioner had recourse to its physicians in March and April, 1946, was unrelated to the accident. Surely there is nothing in the transcript on which to rest. such a finding. Respondent's argument is supported by nothing more than an opinion said to have been casually expressed by petitioner to one or more of respondent's doctors that the condition then troubling him was due to his exposure to paint fumes while at work. Petitioner denies making such a statement, but assuming that he did, it can be of no effect in the case. To impute to the statement the importance for which respondent argues would be to hold petitioner responsible for the correctness of his own diagnosis. The statutory period of limitation must, of course, be heeded, but where the circumstances exist that are or may be competent to halt its running, they are not to be lightly annulled. The grounds should be clear. Certain it is that a dismissal or forfeiture in a case of this kind upon a shrewd or technical premise would plainly affront the remedial spirit and purpose of the law by which the right was given.

It is the finding of this court that the treatments given in March and April of 1946 were directed to consequences of the injury complained of. Such treatments, in effectuating as they do an extension of the limitational period, differ in no way from the like effect of money payments. This holding seems clearly within the reasoning of *Betsy Ross Ice Cream*

*Co.* v. *Greif, supra.* The logic of it is that the employer's giving of medical treatments for an injury sustained in the employment is not distinguishable from the employer's advancing of money in payment for such treatments.

But there is another aspect of the matter. Even had respondent's physicians administered no treatment subsequent to the payment of the last installment on the agreed amount, there could still be no valid denial of the additional award by reason of lapse of time. The case is in this court for trial *de novo* on the record, and for all that the record shows the first petition is still in full force and effect notwithstanding the agreement. It does not appear to have been dismissed, vacated nor in any other manner brought to a conclusion. The hearing recorded in the transcript was the first and only one on the merits of the claim, a fact expressly represented to the deputy commissioner on the hearing by counsel in the proceedings.

With respect to anything that touches on the merits of the case, the second petition discloses no substantial difference between it and the first, so that for all that appears there would be no more ground for our deciding at this time that the later petition is the only one before us than for predicating the same thing of the former petition. The case need not have been heard in the Bureau on the second petition. It could just as well, upon a suitable application, have been heard on the first one. In *Stroebel* v. *Jefferson Trucking and Rigging Co.,* 125 *N. J. L.* 484; 15 *Atl. Rep.* (*2d*) 805, where a second petition had been filed, there is an observation by the Court of Errors and Appeals that seems appropriate: "The present proceeding was viewed, ultimately, as one designed 'to adjudicate the original petition,' and the deputy commissioner ruled that it was within his province to hear the original petition on the merits." 125 *N. J. L.* (at *p.* 487); 15 *Atl. Rep.* (*2d*) (at *p.* 806). And with respect to the reopening of a case upon a petition not previously disposed of by final hearing on the merits, we quote from the same opinion: "The compromise agreement, notwithstanding the Bureau's approval, does not constitute a bar to the determination of the original petition on the merits. It is lacking

in the element of finality. * * * And since such compromise agreement is not conclusive upon the parties, so also is the incidental provision for a discontinuance of the proceeding ineffective to bar a hearing of the controversy upon the merits, [*Ibid.* (at *p.* 487)]. * * * The peremptory policy of the Compensation Act is to render inconclusive adjudications not based upon the merits. * * * It is summary in nature; and the procedural rules generally obtaining should not be permitted to override the clear policy of the statute." 125 *N. J. L.* (at *pp.* 487, 488); 15 *Atl. Rep.* (*2d*) (at *p.* 807).

The findings and awards in this court are identical with those made by the Bureau.