WILLIAM H. OLDFIELD, DEFENDANT–RESPONDENT, v.
NEW JERSEY REALTY COMPANY,
PROSECUTOR–APPELLANT.

Argued October 4, 1948—Decided November 1, 1948.

*Mr. Harry Lane, Jr.,* argued the cause for the defendant-respondent.

*Mr. Isidor Kalisch* argued the cause for the prosecutor-appellant (*Mr. Henry M. Grosman* and *Messrs. Kalisch & Kalisch,* attorneys).

The opinion of the court was delivered by

CASE, J. The appeal is from a judgment in the former Supreme Court, whose opinion is reported in 137 *N. J. L.* 376. The question to be determined is whether the petition for compensation under the Workmen's Compensation act was filed within the time prescribed by law.

The accident occurred October 2, 1943. The last medical service was rendered on November 22, 1943. The physician's bill was paid by the employer on March 7, 1944. The petition was filed March 1, 1946. Appellant argues that the two year period for filing petition began to run on November 22, 1943, the date of the last medical attendance and that, therefore, the petition was filed out of time. Respondent, on the contrary, contends for the view, held by the court below, that the filing

was in time because it was within two years of the date when the employer paid the doctor.

The petition alleged, on the oath of the claimant, that no compensation had been paid, that medical services were necessary, and that such services were requested of and were furnished by the employer.

R. S. 34:15–41 provides that claims for compensation shall be barred unless a petition is filed as prescribed by R. S. 34:15–51. The latter section provides that

"Every claimant for compensation under article 2 of this chapter (§ 34:15–7 et seq.) shall, unless a settlement is effected or a petition filed under the provisions of section 34:15–50 of this title, file a petition in duplicate with the secretary of the bureau in his office, at the state house, in Trenton, within two years after the date on which the accident occurred, or in case an agreement for compensation has been made between the employer and the claimant, then within two years after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation. Any payment made in accordance with the provisions of article 2 of this chapter (§ 34:15–7 et seq.) shall constitute an agreement for compensation."

There was no agreement for compensation, no failure to make payment, and no payment of a part of the compensation unless the furnishing of the medical services or the payment for the same be considered such.

The reasoning of the respondent is that inasmuch as the payment of the doctor's bill was in discharge of the employer's statutory duty under R. S. 34:15–15 to "furnish to the injured workman such medical, surgical and other treatment * * * as shall be necessary * * *", therefore the payment of the doctor's bill was a payment of a part of the compensation. That conclusion is a non sequitur. The obligation of the statute is that the employer shall furnish the workman with medical treatment. When the employer has furnished the medical service, he has performed his statutory duty in that respect. How or when he shall pay for the same is of no concern to the workman. It may be that a physician is under continuing retainer by the employer and is paid at regularly recurring periods with no specific relation to the services performed and independently

of whether or not during a given period any service is performed. If, as perhaps usually happens, the service is one for which the employer is obligated to make specific payment to the physician, there are many reasons, wholly unrelated to the workman or his claim, why such a payment may be delayed. Through oversight or careless business methods a physician may fail for a considerable period to send his bill to the employer, or, sending a bill, may inadvertently omit some item of service or expense and later bill the employer for the sum so omitted, or the death of the physician may intervene. The employer is liable to suit by the physician for a period of six years from the date of the service or disbursement; and even beyond the time when the physician can prosecute his claim by suit, the employer may, if he will, liquidate the same. Payment under such, or any, circumstances will, if the respondent's contention is valid, start a two year period for the filing of a petition even though otherwise the right to file be long since expired. We think that the argument is not sound. The events or omissions which are to start the period of limitation running should, in reason, be within the workman's knowledge so that he may have notice of the same—such as the happening of the accident, a failure by the employer to make payment to the workman, or some default in the employer's obligation under the statute to the workman of which the latter will ordinarily have knowledge. It is not reasonable to suppose that the fact of payment by the employer to the doctor is ordinarily known to the workman or to say that from time to time he may of right inspect the books of either the employer or the doctor to learn thereof and so be guided in the filing of his petition. There is no connection in point of logic between a payment by the employer for medical services furnished by him to the workman and the time within which the workman may file his claim petition.

It would be tedious and not helpfully informing to analyze all of the sections of the statute in their references to compensation and to the furnishing of and payment for medical services. R. S. 34:15–40 (d) by meticulously stating both compensation and medical services in immediate conjunction with each other conspicuously emphasizes that the one is not com-

prehensive of the other—"The amount of medical expenses incurred and compensation theretofore paid to the injured employee", stated twice in practically the same words in one paragraph.

It is urged that the situation is saved for the claimant by *R. S.* 34:15–16, as amended by *ch. 74, P. L.* 1945, which provides that "compensation for all classes of injuries shall run consecutively, and not concurrently, except as provided in *section* 34:15–15 *of this Title,* as follows: First, medical and hospital services and medicines as provided in said *section* 34:15–15. * * *" and that where an employer desires to pay for or furnish medical or surgical treatment, drugs or appliances after the date when payments under *sections* 34:15–12 and 34:15–13 have terminated the employer may reserve the defense of jurisdictional limitations provided by 34:15–27, 34:15–34, 34:15–41 and 34:15–51 provided the reservation is approved by a deputy commissioner upon the condition there mentioned. We are of the opinion that the furnishing of medical treatment is in the nature of compensation and that it is the act of furnishing that attention which is given priority in the first part of section 16. We discover nothing therein to indicate that the payment for such services when furnished by the employer to the workman shall have relation to the limitation of time for filing a petition. *R. S.* 34:15–15, immediately preceding *section* 16 and therefore reasonably to be considered therewith in the sequence of thought and verbal expression, provides that the employer shall *furnish* medical and surgical treatment and that if he refuses or neglects to do so the employee may secure the treatment and "the employer shall be liable to pay therefor". We carry that terminology on to *section* 16 to give the sense that if the employer desires, after the passage of the times scheduled in *sections* 12 and 13, to furnish treatment to the employee *or* to pay for treatment which the employee has secured, he may pursue the indicated course. Under other interpretation the words "or furnish" become unnecessary and meaningless, and the expression "pay for" meets the full thought; because the employer must, of course, pay for the treatment which he procure as well as that which the employee,

because of the employer's refusal or neglect, obtains. It is one of the cardinal rules of statutory construction that legislation should be so construed that, if possible, full force and effect shall be given to every sentence, clause and word thereof. *Bogert v. Hackensack Water Co.*, 101 *N. J. L.* 518 *(E. & A.* 1925*); Steel v. Freeholders of Passaic*, 89 *N. J. L.* 609 *(E. & A.* 1916*).* The Supreme Court decision in *Betsy Ross Ice Cream Co. v. Greif*, 127 *N. J. L.* 323 *(Sup. Ct.* 1941*),* is cited by respondent in support of his theory. That case has not been before us and we construe it no further than to point out that it is to be distinguished by the fact that therein the employer made payment direct to the employee in reimbursement for surgical appliances and supplies procured by the latter under the statute. *Henry Steers, Inc. v. Turner &c. Co.*, 104 *N. J. L.* 189 *(E. & A.* 1927*),* likewise cited in support, is clearly distinguishable for the reason that it was a suit by the employer against a third party through whose wrongful act the workman was injured, and the employer was seeking to be made whole, under the statute, in subrogation of the right of the injured employee. The action was grounded in an agreement or award, of which there is no counterpart in the present case, between the employer and the employee in accordance with the provisions of what was then *section 23 (f) of the amended* 1911 *statute, **236–32 Vol. 2, Cum. Supp. to Compiled Statutes,* and is now, generally, embraced within *R. S.* 34:15–40. At the time of that decision the statute provided that "the employer shall thereafter be entitled to receive from such third person or corporation * * * a sum equivalent to the amount of compensation payments which the employer has theretofore paid to the injured employee * * *". It was held that under the aforesaid provision in *section 23 (f)* the employer was entitled to recover from the wrongdoer the disbursements for medical and hospital services. It is now argued that because the word "compensation" was used in *section 23 (f),* and the same word is used in *section 51, supra,* by way of fixing the point at which the period of limitation shall begin to run, both uses have the same significance and, therefore, that the court in effect held that payment to a doctor for his services rendered at the behest of the em-

ployer is the payment of compensation within the meaning of *section* 51 as a fresh starting point for the period within which the claim petition may be filed. We think the argument is not well made. Compensation is a word of broad significance. Attention has already been directed to the wide difference between the functions of the word in the two uses now under discussion. True, the general rule is that where a word or phrase occurs more than once in a statute, it should have the same meaning throughout, unless there is a clear indication to the contrary, *Jersey City v. Zink,* 133 *N. J. L.* 437, 456 *(E. & A.* 1945),* but the rule is not an absolute one, and cases occur where a proper application of a statute requires it to be disregarded, *Waldron v. Rowe,* 91 *N. J. L.* 71 *(Sup. Ct.* 1917). Such a case was the one last cited and another was *In re Lang,* 77 *id.* 207 *(Sup. Ct.* 1908), affirmed 76 *id.* 829 *(E. & A.* 1909). After the decision in the Steers case the legislature gave unmistakable indication that (1) the court had correctly interpreted the legislative purpose to include medical expenses within the damages recoverable against the wrongdoer and (2) that the item of medical expenses was separate from "compensation" as ordinarily used in the statute. *Section* 23 *(f)* was amended by *ch.* 279, *P. L.* 1931, to read (italics inserted): "the employer shall thereafter be entitled to receive from such third person or corporation * * * a sum equivalent to *the medical expenses incurred and the* amount of compensation payments which the employer has heretofore paid to the injured employee * * *". The section was still further amended by *ch.* 162, *P. L.* 1936, to provide that if at any time prior to payment by the third person to the injured person the employer should serve notice that compensation had been applied for it thereupon became the duty of the third person, before making any payment to the injured workman, "to inquire from the said employer * * * the amount of medical expenses incurred and compensation theretofore paid to the injured employee * * *" and that "thereafter * * * the employer * * * shall be entitled to receive from the third person or corporation a sum equivalent to the medical expenses incurred and the compensation paid theretofore by the employer * * * to the injured employee

\* \* \*". Those provisions are now in *R. S.* 34:15–40 *(d)*. That progressive clarification of the statute emphasizes the legislative purpose to distinguish between the medical expenses incurred by the employer and the compensation paid by him to the employee.

Comparable decisions in the United States courts are not entirely in point for the reason that the federal statute—Longshoremen's and Harbor Workers' Compensation Act, *Title* 33, § 901 *et seq., U. S. C. A.*—differs in some respects from our state legislation. The section on definitions, § 902 *(12)* provides that " 'compensation' means the money allowance payable to an employee or to his dependents \* \* \* and includes funeral benefits provided herein" and does not specifically exclude medical benefits. However, certain sections of the act use the word "compensation" in a sense which includes medical benefits, as § 904 which requires the employer to "secure the payment to his employees of the compensation payable under *sections* 907, 908 and 909" (§ 907 is the section requiring the employer to furnish medical, surgical and other such attendance or, in the event of failure to furnish, to pay the workman for the latter's expenditures for the same), and § 906 *(a)* which provides *(*comparing with our "waiting period", *R. S.* 34:15–14 and 16*)* that "no compensation shall be allowed for the first seven days of the disability except the benefits provided for in *section* 907 \*\*'". For whatever force the points of similarity may give to the present discussion it should be noted that the United States Supreme Court has held that the furnishing of medical aid is not the "payment of compensation" within the meaning of § 913 *(a)* which limits the filing of a claim to the period of one year after the last payment of compensation. *Marshall v. Pletz,* 317 *U. S.* 383, 63 *S. Ct.* 284, 87 *L. Ed.* 348 *(*1943*)*. The opinion also indicates an approval of the deputy commissioner's theory that the employer's obligations to pay compensation and to render medical aid were independent.

The question posed at the beginning of this opinion is answered in the negative.

The judgment below will be reversed.

*For reversal:* Chief Justice VANDERBILT and Justices CASE, OLIPHANT, BURLING, and ACKERSON—5.

*For affirmance:* None.