On appeal from a judgment in the Bergen County Court for the petitioner-respondent and against the respondent-appellant, of awarding compensation on an appeal from a judgment entered in the Workmen's Compensation Bureau. The petition first filed with the Compensation Bureau alleged the date of the accident as of October, 1939. During the course of the original trial, the evidence produced by the respondent, it is alleged, developed that the correct date of the accident was March 23, 1942. During the course of the original trial the petitioner-respondent applied for leave to amend, upon which motion the court reserved decision. At the conclusion of the taking of testimony the Compensation Court entered judgment for Crane against Spencer Kellogg Sons, Inc., without ruling on the question of amendment. Spencer Kellogg Sons, Inc., thereupon appealed to the Bergen County Court, and that court on February 10, 1948, ordered the entire case remanded to the Compensation Bureau so that by formal order the amendment might be granted and the respondent be given an opportunity to meet the new issues raised by the amendment. Thereafter on June 11, 1948, the Compensation Bureau rendered a judgment for the respondent Crane, which was based on a transcript of the testimony of the original hearing, which transcript was offered in evidence. *Page 19 
The Bureau decided that the original determination was further corroborated and that the petitioner met with a compensable accident arising out of and in the course of his employment. This determination and judgment was thereafter considered by the Bergen County Court which affirmed the award holding that it was just and proper.
The appellant alleges that the judgment appealed from should be reversed because it claims the testimony of the petitioner Crane as to the date of the occurrence of the accident is so contradictory that it "neutralizes itself." It is further charged by Spencer Kellogg Sons, Inc., that the accident is barred by the Statute of Limitations. A complete transcript of the testimony of the trial has not been furnished by the appellant to this court in its appendix to its brief. There appears but seven questions followed by asterisks, which denote extensive deletions of the testimony. There is but one question and answer of another witness with like markings, and two questions and answers of a doctor witness with similar markings.
The brief and appendix thereto of the respondent Crane is more copious than that of the appellant though it does not contain a complete transcript of the testimony. From the incomplete testimony in the record furnished by both litigants, it appears that the relationship of an employer and employee existed, subject to the provisions of the Workmen's Compensation Act. The respondent Crane testified that while engaged in his employment for the appellant in the month of October, 1939, he fell on a stairs and injured his "left hand." The occurrence was immediately reported to the appellant and treatment was furnished by the appellant's doctor and nurse. Those treatments included X-rays and continued until the month of March previous to the time when testimony was taken. All treatments were paid for by the appellant company, including hospital bills.
On cross-examination Crane said he was not sure the accident happened in October, 1939. Upon being recalled for further cross-examination he denied he said he was injured in 1939. Crane testified that he knew his wrist was broken *Page 20 
by the fall on the steps and that it was the only injury he ever had to his wrist. The witness Bauer, a watchman employed by the company and skilled in first aid treatment, testified to Crane's slipping on steps and being injured and getting first aid treatment by him. This witness was unable to tell the date of the accident. Another witness, a fellow employee of Crane, testified to Crane wearing a bandage on his left wrist from the date that he was injured up to ten months before the hearing. A witness Hastrup, an employee of the appellant company, testified there was on the records of the company an entry relating to Crane's injury to his wrist. The record of the company was in its department of maintenance and was numbered 238 and dated March 23, 1942, as the date of the injury of the left wrist of Crane. It further included an entry that the location of the injury was on the stairway outside of the mill shower and contained the further statement that "man was going from mill number 2 over to mill number 4; he missed his footing on the step stairway causing him to fall forward and strike his hand on the top step of the stairway." Gabrielle Graham, a registered nurse employed also by the appellant company from March 3, 1942, until the middle of August, 1949, testified that Crane came to her for the treatment the first time on March 23, 1942. She said Crane complained of a bruise to his left wrist and told her it occurred on March 23, 1942. The testimony of this witness also disclosed that Crane received treatment for his injury from the last mentioned date, and from time to time thereafter, including an X-ray taken on January 30, 1945. Mrs. Crane said she had no record of the visits but did have as to how the accident happened, which was as above described. She further testified that in January when an X-ray was taken of Crane, it would not have been done unless Crane was troubled by his wrist injury. Dr. Visconti, a witness for Crane, in answer to an hypothetical question, and including his objective findings, testified that the wrist fracture of Crane was casually related to the fall on the steps.
From the record of the testimony furnished to this court it appears that there was a workmen's relationship between *Page 21 
the appellant company and Crane, and that Crane was injured on March 23, 1942, in the course of his employment with the appellant company and that the injury was promptly reported to his employer and treatment furnished thereafter until the year 1945. We conclude that the judgment under appeal was fully justified in law and in fact. The judgment is affirmed.