68 N.J. Super. 211 (1961)
172 A.2d 56
GIULIO MANGIERI, PETITIONER-APPELLANT,
v.
SPRING TOOL CO., RESPONDENT-APPELLEE.
Superior Court of New Jersey, Union County Court, Law Division.
Decided June 12, 1961.
*213 Mr. Herbert Drucker argued the cause for the petitioner-appellant (Messrs. Rokos and Drucker, attorneys).
Mr. Isidor Kalisch argued the cause for the respondent-appellee.
*214 FULOP, J.C.C.
Petitioner appeals from a determination of the Division of Workmen's Compensation denying his petition for compensation.
On March 10, 1955 petitioner injured his back in the course of his employment by respondent. He was treated by Dr. William B. McLaughlin whose services were furnished by respondent. His last visit to the doctor was on January 13, 1956, to check the fitting of a corset type belt or brace previously prescribed by Dr. McLaughlin and furnished by the employer. On that date Dr. McLaughlin advised petitioner to wear the brace "religiously" for six months and whenever he felt weakness or was doing anything other than light work.
Petitioner continued in respondent's employment until after January 11, 1958. On that date he suffered another incident injuring his back. This incident was admittedly not work-connected. On January 27, 1958 petitioner was admitted to a hospital and a spinal fusion was performed.
The petition for compensation was filed on February 17, 1958, more than two years after the last visit to Dr. McLaughlin on January 13, 1956.
Dr. McLaughlin did not testify at the first hearing. The petition was dismissed for the reason that the Judge of Compensation was of the opinion that it had been filed out of time. An appeal to this court resulted in a reversal and remand to the Division for further proceedings. Judge Barger's opinion is reported at 62 N.J. Super. 32 (1960).
On remand, additional testimony was taken before Compensation Judge Kaltz. Dr. McLaughlin testified that petitioner's disability had reached a plateau of permanence on January 13, 1956, that he prescribed the brace as a crutch to support the muscles of the back for comfort and security and to reassure the patient. He did not tell the patient to return since no further treatment was needed. Admittedly the employer did nothing for the petitioner with respect to the injury in question after January 13, 1956.
*215 Other testimony revealed that petitioner had had back injuries in 1946 and 1950 and that his back was weak. The evidence as to causal connection between the 1955 accident and the 1958 injury and spinal fusion was extremely limited and speculative. Judge Kaltz found that the episode of January 11, 1958 was a separate, independent occurrence without relationship to the incident of March 1955. Examination of the testimony fully supports this finding and I so find.
Judge Kaltz further held that the prescribing of the Knight Brace in January 1956 was for comfort and assurance and not as a cure, that petitioner was only required to wear the brace when he felt that it was necessary, and that his permanent disability was fixed on January 13, 1956, at his last visit to Dr. McLaughlin when no further treatment was indicated. He therefore concluded that the prescribing of the brace was not treatment as defined by the decisions and denied compensation upon the ground that the petition was not filed within the time permitted by the statute.
Petitioner also contended below and contends here that respondent employer should be estopped from setting up the bar of the statute on the ground that the advice and direction of the employer's physician misled petitioner and prevented him from filing his petition in time. The contention was rejected below on the facts. There is nothing in the evidence which would warrant a finding in favor of petitioner on this point.
Petitioner's main contention on this appeal is that the two-year period allowed for filing a petition for compensation did not begin to run until six months after the brace had been furnished to petitioner and he was discharged by the employer's physician. It is argued that, since Dr. McLaughlin advised petitioner to wear the brace for six months "religiously" and petitioner did so, petitioner was receiving "treatment" during the six-month period and the statute was tolled until the expiration of that time. Under *216 this view, petitioner had until July 13, 1958 to file his petition.
On the other side, respondent argues first that the use of the brace was merely palliative and did not amount to treatment, and second that, whether it be treatment or not, the use of the brace by petitioner without supervision or assistance of any kind from respondent's physician did not constitute payment of compensation and that the statutory period began to run with the patient's discharge by Dr. McLaughlin on January 13, 1956.
R.S. 34:15-41, provides that all claims for compensation "shall be forever barred unless a petition is filed * * * as prescribed by section 34:15-51 of this title."
R.S. 34:15-51, provides for the filing of compensation claims:
"* * * within two years after the date on which the accident occurred, or in case an agreement for compensation has been made between the employer and the claimant, then within two years after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation. Any payment made in accordance with the provisions of article 2 of this chapter (§ 34:15-7 et seq.) shall constitute an agreement for compensation. A payment, or agreement to pay by the insurance carrier, shall for the purpose of this section be deemed a payment or agreement by the employer. * * *"
Petitioner relies upon the clause: "* * * or in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation."
Under these statutory provisions, it is established that the Division of Workmen's Compensation has no jurisdiction to entertain a claim petition filed after the expiration of the time designated in the statute. DeAsio v. City of Bayonne, 62 N.J. Super. 232 (App. Div. 1960), certification denied 33 N.J. 386 (1960).
The furnishing of medical treatment by the employer constitutes part payment of compensation. Kacprowicz v. *217 Federal Shipbuilding & Dry Dock Co., 25 N.J. Misc. 426, 55 A.2d 18 (C.P. 1947). Reimbursing an injured employee for a surgical belt and bandages purchased for the treatment of the compensable injury is part payment and the statute begins to run from the date of the last payment to the employee. Betsy Ross Ice Cream Co. v. Greif, 127 N.J.L. 323 (Sup. Ct. 1941). But when the employer arranges with a physician to treat the employee at the expense of the employer, the statutory period begins to run from the last treatment and not from the date when the employer pays the physician. Oldfield v. New Jersey Realty Co., 1 N.J. 63 (1948).
The last lamp treatment given and the last X-ray taken at the employer's dispensary have respectively been held to be the last payment of compensation. Donoher v. American Steel & Wire Co., 2 N.J. Super. 72 (App. Div. 1949); Crane v. Spencer Kellogg & Sons, Inc., 5 N.J. Super. 17 (App. Div. 1949).
Medical treatment by the employer includes examination in connection with treatment, observation, and tests, as well as the application of remedies. It includes advice to do nothing. It does not include an examination for the purpose of informing the employer as to the condition of the employee for the sole purpose of determining whether or not the employee may be entitled to additional compensation or to aid the employer in defending a claim. Schwarz v. Federal Shipbuilding and Dry Dock Co., 16 N.J. 243 (1954). If the examination for the employer is so closely connected with remedial treatment that the employee may reasonably believe that it is part of the treatment process, it will be deemed to be treatment. Pfahler v. Eclipse Pioneer Division of Bendix Aviation Corporation, 21 N.J. 486 (1956); Sampson v. Thornton, 8 N.J. 415 (1952); Bocchino v. Best Foods, Inc., 16 N.J. Super. 154 (Cty. Ct. 1951).
Medical treatment paid for by a corporation other than the employer under an arrangement with the employer to *218 pay all medical and hospital expenses of a class of employees including petitioner constitutes treatment furnished by the employer. Lynch v. City of Newark, 43 N.J. Super. 546 (Cty. Ct. 1957). Medical treatment obtained by the employee on his own responsibility, not authorized by the employer, does not constitute part payment of compensation. Jensen v. Wilhelms Construction Co., 18 N.J. Super. 372 (App. Div. 1952); DeAsio v. City of Bayonne, supra.
Reimbursement of medical expenses by an employer to an employee as a gratuity and not on account of workmen's compensation does not stay the running of the statute of limitations. Riccione v. American Cyanamid Co., Calco Chemical Division, 26 N.J. Super. 1 (App. Div. 1953), certif. denied 13 N.J. 289 (1953).
The foregoing appear to be substantially all of the cases in this State dealing with the subject. No decision has been found on the specific issue here presented except the prior county court decision in this case. Petitioner cites Cestone v. Wylie, 169 Ohio St. 182, 158 N.E.2d 520 (Sup. Ct. 1959). In that case an employer furnished a heat lamp to an employee advising her to use the same to relieve back pain resulting from a compensable accident. The limitation period was 10 years after the last payment of compensation. The claim petition was filed more than 10 years after the lamp was furnished. Petitioner testified that she continued to use the lamp up to the time of the filing of the petition and the hearing.
The issue there, as here, was whether the limitation period ran from the date when the lamp was furnished or from the date of the last use of the lamp by the petitioner. The Ohio Supreme Court held that the statutory period began to run from the date when the lamp was furnished and that the petition was barred.
The court said that the use of the lamp was palliative rather than curative and therefore did not constitute treatment. Petitioner seeks to distinguish the case upon the ground that there the physician had not specified the period *219 during which the lamp should be used. In the present case, the doctor recommended steady use of the brace for six months. The distinction does not appear to be one which should affect the rule to be applied.
Even if the Cestone case were binding on this court, the holding of that case was:
"* * * We must, therefore, conclude as a matter of law that, where an injured employee is furnished an infrared-ray lamp by an employer in a workman's compensation case, chiefly for the purpose of relaxing muscles and relieving pain, continuing use of such heat lamp, self-administered by such employee, after termination of all compensation payments by such employer to such employee, is not such medical treatment as to constitute further `payment * * * of compensation or benefits awarded on account of the injury' so as to toll the running of the ten-year limitation provided in Section 4123.52, Revised Code. * * *"
The case does not hold that if the device used had been for the purpose of effecting a cure it would have extended the time for filing the petition.
The distinction between a cure and a palliative, difficult as it is to apply, may be significant where the employer applies the device to the body of the employee, such as in the cases of sun lamp treatment and X-ray given at the employer's plant. It does not appear significant in connection with self-treatment by the employee at home without intervention by any representative of the employer.
The statute does not provide that the petition may be filed within two years after the last treatment. It provides that the petition shall be filed "within two years after the last payment of compensation." "Payment of compensation" reasonably includes the "furnishing of treatment." It does not reasonably include all treatment in general.
When the words of a statute are clear and unambiguous, the court must give effect to the plain meaning. We look to the policy of the statute only as an aid in determining the intent and meaning of the language used. Application of Howard Savings Institute of Newark, 32 *220 N.J. 29 (1960); State by Richman v. Sperry & Hutchinson Company, 23 N.J. 38 (1956); Caputo v. Best Foods, 17 N.J. 259 (1955); Manning v. Public Service Electric & Gas Co., 58 N.J. Super. 386 (App. Div. 1959).
In the present case, the statutory language plainly expresses the intent. The provision is designed to prevent the employer from lulling the employee into quiescence in reliance upon the payments being made or treatments being furnished by the employer. Pfahler v. Eclipse Pioneer Division of Bendix Aviation Corporation, supra; Riccioni v. American Cyanamid Co., Calco Chemical Division, supra; DeAsio v. City of Bayonne, supra. The employee may well believe that he need not consult an attorney or take any legal action so long as the employer is voluntarily attempting to heal the injuries or otherwise voluntarily paying compensation. It is a form of estoppel against the employer comparable to the rule in malpractice cases that a physician may not set up the bar of the statute of limitations until two years after the discontinuance of the course of treatment which causes the harm or if he fraudulently prevents the patient from instituting the action in time. See Tortorello v. Reinfeld, 6 N.J. 58 (1950); Bauer v. Bowen, 63 N.J. Super. 225 (App. Div. 1960). The reason for the statute does not apply to self-treatment by the employee. In the absence of express fraud by the employer or its representative, the mere advice to use a brace or other device after discharge by the physician cannot reasonably mislead the employee into believing that his employer would continue to treat him or pay him further compensation.
The time for filing the petition is extended by the act of the employer in making payment to the employee. The act of the employer in furnishing the treatment or otherwise paying, innocent and commendable though it may be, is equated by the statute to the act of a defendant who by misrepresentation induces a plaintiff to refrain from instituting an action in time.
*221 In the absence of any action by the employer or its agents known to the employee, there is no rational basis for implying a lulling of the employee into quiescence by the employer.
In Oldfield v. New Jersey Realty Co., supra, the Supreme Court said:
"The events or omissions which are to start the period of limitation running should, in reason, be within the workman's knowledge so that he may have notice of the same  such as the happening of the accident, a failure by the employer to make payment to the workman, or some default in the employer's obligation under the statute to the workman of which the latter will ordinarily have knowledge. It is not reasonable to suppose that the fact of payment by the employer to the doctor is ordinarily known to the workman * * *. There is no connection in point of logic between a payment by the employer for medical services furnished by him to the workman and the time within which the workman may file his claim petition."
The statute is a statute of repose, the application of which should, so far as possible, be fixed by objective and visible standards readily ascertainable by both parties. See Tortorello v. Reinfeld, supra; Oldfield v. New Jersey Realty Co., supra. If the petitioner's contention were adopted, the running of the statute might well be dependent upon whether or not the employee did in fact continue to use the brace. It might be further extended by the use of the device for a longer time under the general advice to use it when needed. The rule would apply to eyeglasses, ointments, sun lamps, and innumerable other means which the employee may be advised to use privately to improve or palliate his condition. It would be impossible for the employer or its insurer to ascertain to any degree the duration of its liability.
In substantially all of the cases above cited the emphasis is upon the act of "furnishing" the medical treatment. See especially Oldfield, supra; Sampson, supra; DeAsio, supra and Donoher, supra. If the test were the last treatment, then treatment paid for by the employee would be *222 sufficient to extend the time. It is established that such treatment does not constitute payment of compensation. DeAsio, supra, and Jensen, supra.
"Furnish" means to provide, supply, or give. See Webster's International Dictionary (4th ed.) definition. The treatment was furnished when the brace was supplied and fitted by the employer's physician. The last "payment of compensation" was made on January 13, 1956, when the last treatment was furnished and petitioner was discharged by the physician.
I hold that the limitation period began to run when the petitioner was discharged by the physician and that the time was not extended by the unilateral act of the petitioner in following the advice of the physician and using the brace. The petition was therefore not filed within the time permitted by the statute and the claim is barred.
The petition for compensation was properly dismissed.