105 N.J. Super. 325 (1969)
252 A.2d 212
FRED ZANNI, APPELLANT,
v.
RUDOLPH POULTRY EQUIPMENT CO., RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 10, 1969.
Decided April 23, 1969.
*326 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Solomon Friss argued the cause for appellant (Mr. Patrick T. McGahn, Jr., attorney).
Mr. Theodore T. Tams, Jr., argued the cause for respondent.
The opinion of the court was delivered by KILKENNY, J.A.D.
Petitioner Fred Zanni appeals from a judgment of the Atlantic County Court affirming the dismissal by the Division of Workmen's Compensation of his claim petition for benefits because of injury to his thumb.
The dismissal was based upon a finding that the claim for the thumb injury was barred by the statute of limitations, *327 R.S. 34:15-41 and 51, in that the petition was filed more than two years from the last date on which petitioner received any benefits within the meaning of the Workmen's Compensation Act.
It is not disputed that petitioner was injured on October 24, 1964 in the course of his employment with respondent employer. That accident involved an injury to his right thumb. The instant claim petition for that injury was filed on April 17, 1967. Petitioner came under the care of Dr. George P. Glenn, an orthopedic surgeon, who treated petitioner on behalf of respondent. The basic issue of fact, litigated below and contested in the briefs submitted on this appeal, was whether petitioner's last authorized treatment by Dr. Glenn for his thumb was on March 9, 1965, as the doctor testified and his records reveal, or on April 23, 1965, as petitioner testified. On that issue both the Division and the County Court, on appeal, concurred in finding that Dr. Glenn's last treatment of the thumb was on March 9, 1965. Accordingly, they concluded that the claim petition filed on April 18, 1967 was beyond the two-year limitation period and, for that reason, dismissed it as untimely.
The limited scope of our appellate review, as set forth in Close v. Kordulak Bros., 44 N.J. 589 (1965), requires us to subscribe to that finding  as between March 9, 1965 and April 23, 1965  because it could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of the one who heard the witnesses to judge of their credibility. (Id., at p. 599).
What complicates the case before us is the fact noted by us at oral argument, sua sponte, that the record discloses that petitioner received a treatment from Dr. Glenn for this same thumb injury on March 23, 1967. Dr. Glenn testified that petitioner returned to him on March 23, 1967 and at that time "he indicated that he was still having difficulty with respect to his right thumb. I suggested that X-rays be repeated, which were done."
*328 We have no doubt that "medical treatment" includes examinations and the taking of X-rays. Mangieri v. Spring Tool Co., 68 N.J. Super. 211, 217 (Cty. Ct. 1961). A medical treatment furnished by an employer is considered a payment of compensation and, ordinarily, a claim petition filed within two years of such treatment is timely. Sa v. H.L. Harrison & Son, Inc., 38 N.J. 203, 207 (1962); DeAsio v. Bayonne, 62 N.J. Super. 232, 236 (App. Div. 1960).
In the interest of substantial justice, we requested counsel at oral argument to submit supplemental memoranda of law on whether the furnishing of medical treatment of the thumb by the same doctor, who originally treated petitioner on behalf of respondent for the same thumb injured in the 1964 industrial accident, would entitle petitioner to file a claim petition within two years of that last 1967 treatment when the claim had already been barred by the two-year statute of limitations. The memoranda have been filed and considered.
Is a medical treatment furnished by a doctor after the statute of limitations has run, barring the claim, sufficient to revive the claim so as to give petitioner two more years within which to file a claim petition?
We must note this additional fact. Zanni suffered another industrial accident in 1965, sustaining an injury to his shoulder. He went to see Dr. Glenn for that shoulder injury. He testified that he went on April 23, 1965 and Dr. Glenn gave him "a needle" in the shoulder and other treatment for that injury, and also put "a needle * * * right through the thumb and it came out the other side." The doctor's records do not indicate any treatment of the thumb on that date, but refer to the shoulder treatment. Yet the doctor testified, as noted above, that Zanni's last visit and treatment of the thumb was on March 23, 1967. The record does not reveal whether the March 23 thumb treatment was merely incidental to a treatment of the more lately injured shoulder.
We also observe that the record before us is silent as to whether the March 23, 1967 treatment of the thumb was *329 authorized by respondent employer or its insurance carrier, or ratified by payment of the doctor's bill, if a bill was ever rendered therefore. There is no showing by petitioner that he ever requested his employer to furnish this additional medical treatment, or that the respondent employer or its carrier knew of it or acceded thereto, after the statute of limitations had already run. For aught we know, the doctor's examination of the thumb and recommendation of X-rays might have been purely voluntary on his part, without any contemplation that it was in fulfillment of any obligation due petitioner under the workmen's compensation law.
In 2 Larson's Workmen's Compensation Law 271, § 78.43(b), the author states:
"Once the claim has been barred by the passage of time, it will not be revived and a new period will not be set in motion by the furnishing of an isolated bit of medical service years after the injury. The objective of the statute being to protect the claimant who reasonably refrains from making claim because of the receipt of benefits voluntarily supplied, no claimant can allege that his failure to make timely application was excused by something that happened after the claim was already barred. Moreover, since the employer was under no obligation to furnish such benefits once the right to them was barred, it cannot be said that he provided them as voluntary compensation payments."
We think the foregoing expression entirely sound, and agree with it in relation to our own statute.
Where the parties' conduct indicates that the payments are not pursuant to a statutory obligation, they do not toll the statute. Thus, where the employer made a voluntary payment of medical bills for treatments received after the statute of limitations had run, a compensation claim filed a year later was held barred, because the payment was not compensation as required by the statute. Riccioni v. American Cyanamid Co., 26 N.J. Super. 1 (App. Div. 1953), certification denied 13 N.J. 289 (1953).
The distinction between a gratuitous payment and one made obligatory under the statute was stated in Mangieri v. Spring Tool Co., supra, 68 N.J. Super. 211, as follows:
*330 "Reimbursement of medical expenses by an employer to an employee as a gratuity and not on account of workmen's compensation does not stay the running of the statute of limitations." (at p. 218; emphasis added)
Petitioner cites Pfahler v. Eclipse Pioneer Div. of Bendix Aviation Corp., 21 N.J. 486 (1956). That case is readily distinguishable. There, the medical treatments were given before the statute of limitations had run and the claim petition was filed within the two years of the last treatment. Here, the statute of limitations had already barred the claim before a final treatment thereafter  relied upon to extend further the limitational period  was given.
Petitioner also relied upon Lynch v. Newark, 43 N.J. Super. 546 (Cty. Ct. 1957), affirmed as modified 46 N.J. Super. 335 (App. Div. 1957). That case is also distinguishable on its facts. There the need for medical treatment of the injured fireman was notorious. Treatment was undertaken and supervised by the fire surgeon throughout a seven-year period of practically continuous medical and surgical care. The court considered this as constituting authorization for petitioner to obtain all treatment which the city was required to furnish in fulfillment of the duty imposed by law. A prior claim petition was dismissed for lack of prosecution. It was not reinstated within the one-year period allowed by R.S. 34:15-51. A new petition was filed within two years of the last date upon which treatment was furnished. It was held that the one-year reinstatement provision was not applicable and the new petition was timely.
In the instant case there was no showing that the injured employee was receiving practically continuous medical care. From the fact findings of the Division and County Court, there was no medical treatment for the injured thumb between March 9, 1965 and March 23, 1967, on which last-mentioned date the doctor last examined the thumb and X-rays were taken. This last isolated treatment was after the employer, because the statute of limitations had already barred further claim as to the thumb, was no longer under *331 any continuing obligation to furnish further medical treatment. And there is no evidence of any authorization, express or implied, for that last treatment as to the thumb.
The judgment of dismissal is affirmed.