122 N.J. Super. 45 (1973)
298 A.2d 712
THOMAS O'KEEFE, PETITIONER-APPELLANT,
v.
JOHANSEN CO., RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 1972.
Decided January 5, 1973.
*46 Before Judges COLLESTER, LEONARD and HALPERN.
Mr. Ronald W. Bronstein argued the cause for appellant (Mr. Richard J. Traynor, attorney).
Mr. Alfred A. Arnold argued the cause for respondent (Messrs. Carroll & Galvin, attorneys; Mr. Eugene G. Galvin, on the brief).
PER CURIAM.
Petitioner appeals from a judgment of the Morris County Court which set aside an order of the Division of Workmen's Compensation denying respondent's application to vacate a judgment awarding petitioner additional compensation for increased disability pursuant to N.J.S.A. 34:15-27.
The facts are not in dispute. On July 29, 1966 a judgment was entered by the Division awarding petitioner workmen's compensation for 72 weeks of temporary disability and 143 weeks of partial total disability  a total of 215 weeks of compensation payments. The award was paid by respondent. The last check delivered to petitioner was dated September 11, 1967, and on its face indicated that it covered the period from August 31, 1967 to September 27, 1967.
On September 24, 1969 petitioner filed an application for a review of the award, pursuant to N.J.S.A. 34:15-27, alleging that his disability had increased. Respondent answered, alleging the last payment of compensation was made on September 11, 1967 and therefore the Division lacked jurisdiction to hear and determine the matter since more than two years had elapsed from the date of the last payment of compensation and the date of filing of the application. At the hearing respondent abandoned this defense when it was disclosed that the last check sent to petitioner *47 indicated it covered compensation payable to September 27, 1967. A judgment was entered on May 6, 1971 awarding petitioner an additional 10% for increased disability.
Thereafter respondent moved to set aside the award on the ground that it had been entered through mistake or inadvertence. It alleged that the correct date of the final payment of the initial award was September 20, 1967 and that petitioner filed the petition for review on September 24, 1969, four days after the two-year limitation period of N.J.S.A. 34:15-27 had run. It conceded that it had mistakenly overpaid petitioner for one week and had indicated on its check compensation coverage to September 27, 1967. The judge of compensation denied the motion, holding that respondent's error induced the late filing of the petition and that petitioner had a right to assume he could file up to and including September 27, 1969.
On appeal the County Court reversed, holding that the Division lacked jurisdiction because the petition was not filed within the two-year period prescribed in N.J.S.A. 34:15-27.
We think the County Court took too restrictive a view under the facts of this case. Riccioni v. American Cyanamid Co., 26 N.J. Super. 1 (App. Div. 1953), certif. den. 13 N.J. 289 (1953), and De Asio v. Bayonne, 62 N J. Super. 232 (App. Div. 1960), certif. den. 33 N.J. 386 (1960), referred to in the court's opinion are factually distinguishable.
In the instant case it is clear that petitioner relied on September 27, 1967, the date indicated on respondent's check as the last date of compensation coverage when he filed his petition for review on September 24, 1969. While respondent's error was unintentional it nevertheless lulled petitioner into a sense of security and resulted in the untimely filing of the petition. We conclude that respondent is estopped by its own action from asserting that any date other than September 27, 1967 was the last date of compensation under the facts of this case. Cf. Herringshaw v. Travelers Aid Society, *48 206 Pa. Super. 219, 212 A.2d 914 (Sup. Ct. 1965). To hold otherwise would lead to a harsh, unjust and unreasonable result.
The judgment of the County Court is reversed and the judgment of the Division of Workmen's Compensation is reinstated.