286 N.J. Super. 280 (1996)
669 A.2d 244
CECIL WITTY, PETITIONER-APPELLANT,
v.
FORTUNOFF, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 31, 1995.
Decided January 2, 1996.
*281 Before Judges ARNOLD M. STEIN, KESTIN,[1] and CUFF.
Amirali Y. Haidri argued the cause for appellant (Mr. Haidri, of counsel and on the briefs).
Roberto J. Benites argued the cause for respondent (Robert W. Frieland, attorney; Mr. Benites on the brief).
The opinion of the court was delivered by CUFF, J.A.D.
*282 Petitioner Cecil Witty appeals from an order dismissing his petition for workers' compensation benefits on statute of limitations grounds. We reverse.
On July 10, 1990, while working as a maintenance worker for respondent Fortunoff, a ceiling tile fell on Witty. He complained of neck, shoulder and right arm problems and received medical treatment at the expense of his employer's workers' compensation carrier. Witty received treatment for his injury through December 7, 1990.
On December 17, 1990, Witty received a letter from Fortunoff's insurance carrier advising him to submit to an examination at the office of Dr. L. Scott Eisenberg in Irvington on December 26, 1990 at 12:15 p.m. The letter says:
I have asked Dr. Eisenberg to examine you for injuries you obtained at work on July 10, 1990, when some ceiling tiles fell on you. After December 26, 1990, Dr. Eisenberg will be your only authorized treating physician. According to New Jersey Workers' Compensation Law, if you do decide to go to another physician, on your own, the bill will be your responsibility.
As requested, Witty was examined by Dr. Eisenberg on December 26, 1990. About three weeks later, by letter dated January 17, 1991, Witty received a letter from the insurance carrier. He was advised that he needed no further treatment and his employer's workers' compensation carrier would not pay for any further treatment for the injuries sustained on July 10, 1990. The letter says:
I am writing because I have received the report from Dr. Eisenberg for your December 26, 1990 examination.
Dr. Eisenberg has reported that the problems you are having with your hand are "no way whatsoever either by causation, acceleration or exacerbation related to the minor injury" you suffered at work on July 10, 1990.
Travelers Insurance Company will no longer be paying for any medical treatment for injuries you obtained on July 10, 1990.
Witty filed a petition for workers' compensation benefits on January 8, 1993, more than two years after his last authorized treatment on December 7, 1990 and the examination by Dr. Eisenberg on December 26, 1990, but within two years of the *283 insurance carrier's letter of January 17, 1991. The employer moved to dismiss the claim petition for lack of jurisdiction, i.e. the two-year statute of limitations had run. The judge of compensation found that the December 26, 1990 examination constituted the last payment of compensation; therefore, Witty's petition had to be filed on or before December 26, 1992. Since the petition was not filed until January 8, 1993, the employer's motion to dismiss was granted.
N.J.S.A. 34:15-51 provides:
Every claimant for compensation ... shall ... file a petition ... within 2 years after the date on which the accident occurred, or in case an agreement for compensation has been made between the employer and the claimant, then within 2 years after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by the employer, then within 2 years after the last payment of compensation. ... (emphasis added)
The parties agree that Witty's employer provided medical treatment to him and that medical treatment is considered a partial payment of compensation. Sa v. H.L. Harrison & Son, Inc., 38 N.J. 203, 207, 183 A.2d 410 (1962). The parties also agree that the two-year limitation period is a jurisdictional requirement and not enlargeable. Van Duyne v. Caldwell Motors, 71 N.J. Super. 518, 177 A.2d 486 (App.Div. 1961).
Witty argues that until January 17, 1991, he had no reason to believe that his visit to Dr. Eisenberg was not part of his continuing medical treatment. Therefore, it was not until January 17, 1991, that he learned that his employer would no longer provide partial compensation in the form of medical treatment. His employer argues that Witty was last provided medical treatment on December 26, 1990, and that no action was taken by respondent to lull Witty into a false sense of security regarding the assertion of his statutory rights.
Medical treatment by an employer includes examination in connection with treatment, observation, and tests, as well as the application of remedies. It does not include an examination for the sole purpose of informing the employer as to whether an *284 employee is entitled to additional compensation. Mangieri v. Spring Tool Co., 68 N.J. Super. 211, 217, 172 A.2d 56 (Cty.Ct. 1961). It is undisputed that no treatment was accorded to Witty on December 26, 1990, and that the sole purpose of the examination was to provide a medical opinion that Witty was entitled to no further treatment. Thus, we are puzzled by the employer's ardent position that December 26, 1990 should be considered the last date of medical treatment and the last payment of compensation.
In cases of this type, the determining factor is whether the total pattern of conduct would be likely to lull an injured employee into a false sense of security which may cause him to fail to file a timely petition. O'Keefe v. Johansen Co., 122 N.J. Super. 45, 47, 298 A.2d 712 (App.Div. 1973); Pfahler v. Eclipse Pioneer Div., 38 N.J. Super. 156, 161, 118 A.2d 425 (App.Div. 1955), aff'd, 21 N.J. 486, 122 A.2d 644 (1956); Mangieri, supra, 68 N.J. Super. at 220, 172 A.2d 56.
The December 17 letter to Witty and the December 26 examination could have reasonably been viewed by him as part of the continuing course of treatment provided to him by his employer since his July 1990 injury. Pfahler, supra. The employer by its own action created an impression that it would continue to provide medical treatment, except that the treatment would be through a different provider. Witty was never placed on notice that his employer questioned its continuing responsibility to provide such treatment. Furthermore, nothing which occurred at the December 26 examination alerted Witty that his employer's position had changed. By its own action, the employer is prevented from asserting any date other than January 17, 1991, from which the two-year limitations period shall run.
Since the petition filed January 8, 1993 was timely filed, the order dismissing the petition is reversed, and the matter is remanded for further proceedings.
NOTES
[1] Judge Kestin did not participate in oral argument. However, the parties consent to his participation in the decision.