**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1669-18T4

JOSEPH HAHN,

     Petitioner-Appellant,

v.

UPS FREIGHT,

     Respondent-Respondent.

              Submitted November 19, 2019 – Decided December 17, 2019

              Before Judges Currier and Firko.

              On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2000-15762.

              Post, Polak, PA, attorneys for appellant (Mitchell H. Portnoi, of counsel and on the briefs; Kyle Stephen Reed, on the briefs).

              Weber, Gallagher, Simpson, Stapleton, Fires & Newby, LLP, attorneys for respondent (Richard Daniel Arnold, on the brief).

PER CURIAM

In this workers' compensation matter, petitioner appeals from the dismissal of his third application to review and modify the original award. The workers' compensation judge denied the application, finding it untimely under N.J.S.A. 34:15-27. We affirm.

In 2000, while employed by respondent UPS Freight, petitioner injured his right knee. Several awards of compensation were issued thereafter addressing that knee injury. Petitioner subsequently became employed by the Westfield Board of Education (BOE) and he filed a petition for compensation for bilateral knee injuries against his new employer in 2012. At the same time, petitioner moved to re-open his prior petition against UPS.

In December 2012, the compensation court concluded that UPS was responsible for all treatment regarding petitioner's right leg; Westfield BOE was directed to pay for treatment attributed to the left leg. Petitioner underwent bilateral knee replacements in February 2013. The court again ordered UPS to pay for all treatment to the right leg; Westfield BOE remained responsible for the left leg.

Both petitions were resolved on December 2, 2015. Petitioner was awarded 55% permanent disability against Westfield BOE regarding his left

A-1669-18T4

knee. He was awarded 85% permanent disability against UPS regarding the right leg. UPS paid the award to petitioner on December 17, 2015.

In May 2017, petitioner requested UPS and Westfield BOE re-examine him and authorize additional treatment for both knees. UPS did not respond. Westfield BOE referred petitioner to an examining doctor who gave diagnoses of both knees. The doctor also instructed petitioner to stay out of work for two months.

Petitioner requested the court re-open his petition against UPS in March 2018. UPS moved to dismiss the application, and after oral argument, the compensation court granted the motion. The court found the application was not filed within the two-year statute of limitations mandated by N.J.S.A. 34:15-27, and the petition was dismissed with prejudice.

On appeal, petitioner argues the examination by Westfield BOE's doctor on July 10, 2017 was medical treatment, therefore tolling the two-year statute of limitations. He further contends that because UPS failed to schedule an examination or advise petitioner it would not authorize any further treatment, he was "lull[ed] . . . into a false sense of security . . . ."[1] Therefore, according to

---

[1] See Witty v. Fortunoff, 286 N.J. Super. 280 (App. Div. 1996) ("In cases of this type, the determining factor is whether the total pattern of conduct would
(continued)

petitioner, UPS is estopped from asserting the statute of limitations. We are unconvinced.

N.J.S.A. 34:15-27 provides, "[u]pon the application of any party, a formal award, determination, judgment, or order approving settlement may be reviewed within two years from the date when the injured person last received a payment on the ground that the incapacity of the injured employee has subsequently increased." The two-year time limit is a jurisdictional requirement. Other than mental incapacity, there are no exceptions to toll the statutory period. Bey v. Truss Sys., Inc., 360 N.J. Super. 324, 327-28 (App. Div. 2003) (citing Polcaro v. City of East Orange, 121 N.J. Super. 325, 327 (App. Div. 1972)).

While we agree the furnishing of medical treatment is compensation, here UPS did not provide any medical treatment after December 17, 2015. See Sa v. H.L. Harrison & Son, Inc., 38 N.J. 203, 207 (1962) (citing Oldfield v. N.J. Realty Co., 1 N.J. 63 (1948)). Only Westfield BOE referred petitioner to an examining doctor who then issued diagnoses regarding both legs. Petitioner was well aware of the several court orders delineating separate responsibilities for each knee to his two employers. Westfield BOE's decision to refer petitioner

be likely to lull an injured employee into a false sense of security which may cause him [or her] to fail to file a timely petition.") (citing O'Keefe v. Johansen Co., 122 N.J. Super. 45, 47 (App. Div. 1973)).

A-1669-18T4

for medical treatment is not binding upon UPS, and BOE's actions cannot serve to toll the statute of limitations as to UPS. Petitioner has not shown any action by UPS which would indicate UPS intended to authorize any further treatment to the right leg.

Because petitioner filed his application to re-open his petition against UPS more than two years after UPS made its last payment, the application was untimely, and properly dismissed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1669-18T4