John **SEDLMAYER**, Plaintiff–Appellee,

v.

Alan **CHARNES**, Director of Department of Revenue, and Division of Motor Vehicles, Defendants–Appellants.

No. 86CA1690.

Colorado Court of Appeals,
Div. III.

Aug. 11, 1988.

Rehearing Denied Sept. 8, 1988.

Certiorari Denied Jan. 17, 1989.

Valjean H. McCurdy, Casey P. Tighe, Arvada, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for defendants-appellants.

TURSI, Judge.

The Department of Revenue (Department) appeals from the district court judgment reversing its revocation of the driver's license of plaintiff, John Sedlmayer. The sole issue on appeal is whether plaintiff "refused" to submit to a breath test to determine his blood-alcohol level. We affirm.

On November 29, 1985, plaintiff was arrested for driving under the influence of alcohol at the scene of a minor accident, and was transported to a police station. The arresting officer testified that he and another officer had to remove plaintiff from his vehicle and later from the patrol car because plaintiff was so intoxicated that he was unable to walk or stand.

At the police station, the arresting officer determined that plaintiff was incapable of taking a breath test because he was so intoxicated that he could not stand or control his actions without falling over. The arresting officer then told plaintiff that he had the right to take a blood or a breath test, but that he was incapable of taking a breath test, so he asked plaintiff to submit to a blood test. Plaintiff repeatedly refused the officer's requests that he submit to a blood test, despite the officer's warnings that he would be cited for refusal and his license taken away. The arresting officer also testified that, although he did not offer plaintiff a breath test because of his condition, he would have attempted to administer one if plaintiff had requested one, but plaintiff made no such request.

At the conclusion of the revocation hearing, the hearing officer found that plaintiff refused to submit to a chemical test of both his blood *and* his breath and, therefore, revoked plaintiff's driver's license pursuant to § 42–2–122.1(1)(a)(II), C.R.S. (1984 Repl. Vol. 17). As to the breath test, the hearing officer ruled that plaintiff himself took away his option of taking a breath test by being too intoxicated to be able to perform it.

The district court reversed the revocation, ruling that the police officer's unilateral decision that plaintiff was "incapable" of taking a breath test was not equivalent to a refusal to take one. It held that since the arresting officer did not request plaintiff to take a breath test, plaintiff had not refused pursuant to § 42–2–122.1(1)(a)(II).

The Department contends that since the arresting officer determined that plaintiff was physically unable to perform the breath test, plaintiff was required to take the blood test or be subject to having his license revoked for refusal to be tested.

However, § 42–4–1202(3)(a)(II), C.R.S. (1984 Repl. Vol. 17) provides:

"Any person who drives any motor vehicle upon the streets and highways and elsewhere throughout this state may be required to submit to a chemical test of his breath or blood for the purpose of determining the alcoholic content of his blood or breath, ... If such person requests that said chemical test be a blood test, then the test shall be of his blood; *but, if such person requests that a specimen of his blood not be drawn, then a specimen of his breath shall be obtained and tested.*" (emphasis supplied)

Also, the Notice of Revocation of Denial served on plaintiff states:

"You may request that a chemical test be a blood test, in which case it shall be a blood test; you may request that a specimen of your blood not be drawn, in which case a specimen of your breath *shall* be obtained and tested." (emphasis supplied)

Based on this language, we conclude that plaintiff refused the blood test, and therefore, the arresting officer was required to offer the breath test. *See People v. Gillett*, 629 P.2d 613 (Colo.1981). *Cf. Gonzales v. Colorado Department of Revenue*, 728 P.2d 754 (Colo.App.1986) (driver initially agreed to submit to the blood test requested by the officer, but then refused that test, it was the obligation of driver to tell the officer he was willing to submit to an alternative test).

Department cites several cases from other jurisdictions and argues that when a driver is physically incapable of taking one type of blood-alcohol test, he must take an alternative test or face the prospect of having his license revoked for refusal to be tested. However, those cases are inapposite since those drivers were offered and attempted to take the test, but were physically unable to perform it. Here, the arresting officer unilaterally decided that plaintiff was unable to take the breath test without giving him the opportunity to attempt it.

JUDGMENT AFFIRMED.

CRISWELL and JONES, JJ., concur.