Andrew RILEY, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 03SC804.

Supreme Court of Colorado,
En Banc.

Dec. 20, 2004.

Christopher C. Beasley, Denver, for Petitioner.

James J. Peters, District Attorney, Paul R. Wolff, Chief Deputy District Attorney, Centennial, for Respondent.

KOURLIS, Justice.

In this case, the defendant was pulled over by an Arapahoe County Sheriff's Officer for failure to stop at a stop sign. The arresting officer suspected that he was driving under the influence of alcohol and requested testing—thereby invoking Colorado's "express consent" law under section 42–4–1301(7), 11 C.R.S. (2000). The express consent law provides that anyone who drives on the streets and highways of Colorado is deemed to have consented to a chemical test for purposes of determining the alcohol content of their

blood or breath.[1] The statute gives to the driver the right to chose between a blood test and a breath test. The defendant here elected a blood test rather than a breath test. The officer notified the usual service provider, but that provider was not able to respond in time to take an accurate sample. The defendant refused the officer's subsequent request to take a breath test instead of the blood test. The defendant later moved to dismiss the charge against him of driving under the influence, on the basis that the arresting officer had failed to comply with the express consent statute. The county court denied the motion, holding that exceptional circumstances amounted to good cause for noncompliance with the statute. The defendant was ultimately convicted of driving while ability impaired, and appealed his conviction to the district court, again contending that the charge should have been dismissed for failure to comply with the statute. The district court affirmed the conviction.

We granted certiorari to review the decision of the Arapahoe County District Court. We now hold that our precedent in *People v. Gillett*, 629 P.2d 613, 619 (Colo.1981), established the remedy of dismissal of charges as a sanction for an officer's denial of a driver's right to select a chemical test to measure sobriety, except when such denial occurred under circumstances amounting to good cause. Here, the circumstances accompanying the denial did not comprise good cause. Accordingly, we reverse the judgment of the district court and vacate the defendant's conviction for driving while ability impaired.

## I. Facts and Proceedings Below

On October 22, 2000, the defendant, Andrew Riley, was pulled over by an officer from the Arapahoe County Sheriff's Office for failure to stop at a stop sign. Riley's eyes were watery and bloodshot and his speech was slurred. Suspecting Riley was driving under the influence of alcohol, the officer requested that he perform a roadside sobriety test. Following those maneuvers, the officer explained the express consent law and asked Riley to submit to a chemical test. Riley elected a blood test. However, when the officer called dispatch he was informed that American Medical Response (AMR), the ambulance service the sheriff's office used to perform blood draws, was unable to respond within the required two hour period. The officer informed Riley of AMR's unavailability and asked Riley to take a breath test, which he declined. Riley was then transported to Aurora Detox. The facility was not equipped to perform a blood test and Riley again declined a breath test. A chemical test was never performed.

Following these events, Riley was charged in Arapahoe County with driving under the influence, driving under restraint, and careless driving.[2] During a motions hearing on June 1, 2001, Riley moved to dismiss the charges based on the arresting officer's failure to comply with the express consent statute. At the hearing, the officer testified that he did not know why AMR was unavailable on the night of the arrest. He also testified that he had never experienced a situation where AMR was unavailable for a blood draw and was unaware of alternative procedures for performing a blood test. The trial court denied Riley's motion to dismiss, holding that the officer's noncompliance was excused by good cause. On January 28, 2002, a jury convicted Riley of driving while ability impaired and careless driving. Riley appealed to the Arapahoe County District Court. The district court affirmed the convictions, finding that AMR's inability to perform a blood test was a circumstance beyond the officer's control and satisfied the exceptional circumstances test set forth in *Gillett*. Riley sought reconsideration, arguing that there is no good faith exception to compliance with the Colorado statute. Riley's motion for reconsideration was denied.

---

1. This is subject to probable cause requirements set forth in the statute. § 42–4–1301(7)(a)(II)(A), 11 C.R.S. (2000).

2. §§ 42–4–1301(1)(a), 42–2–138(1)(d), 11 C.R.S. (2000), 42–4–1402, 11 C.R.S. (2000). Riley was charged with driving under the influence on October 24, 2000. He waived his right to speedy trial. On June 1, 2001 the People added the latter two charges. At the conclusion of trial the

We granted certiorari to decide whether the district court erred in affirming the county court's determination that exceptional circumstances justified the arresting officer's failure to comply with the defendant's request for a blood test, under section 42–4–1301(7), 11 C.R.S. (2000) (the "express consent statute").

## II. Analysis of Colorado's Express Consent Statute

Any right to choose a particular type of chemical sobriety test by a driver on Colorado's highways is a function of statute. *Stanger v. Colo. Dep't of Revenue,* 780 P.2d 64 (Colo.App.1989). Colorado's express consent law grants the driver the right to select one type of test from two alternatives. § 42–4–1301(7)(a)(II). The statute provides:

> Any person who drives any motor vehicle upon the streets and highways and elsewhere throughout this state shall be required to take and complete, and to cooperate in the taking and completing of, any test or tests of such person's breath or blood for the purpose of determining the alcoholic content of the person's blood or breath when so requested and directed by a law enforcement officer having probable cause to believe that the person was driving a motor vehicle in violation of subsection (1) or (2) of this section. Except as otherwise provided in this section, if a person who is twenty-one years of age or older requests that said test be a blood test, then the test shall be of his or her blood; but, if such person requests that a specimen of his or her blood not be drawn, then a specimen of such person's breath shall be obtained and tested ... except as provided in sub-subparagraph (B) of this subparagraph (II).

§ 42–4–1301(7)(a)(II)(A). The goal of the statute is to facilitate cooperation in the enforcement of highway safety. *DeScala v. Motor Vehicle Div.,* 667 P.2d 1360, 1362

(Colo.1983). To that end, the statute creates mutual rights and responsibilities for both the driver and the arresting officer. *Gillett,* 629 P.2d at 616.

Relying on *Davis v. Colo. Dep't of Revenue,* 623 P.2d 874 (Colo.1981), the People argue that the mutual responsibilities inherent in the statute mean that a driver has a responsibility to exonerate himself by submitting to an alternative test if the test he requests is not available. The holding in *Davis* was premised on an earlier version of the implied consent law that allowed the driver to elect a blood test. If the driver did not wish his blood to be drawn, then the officer could choose between a breath or urine test.[3] After his arrest, Davis insisted he would only submit to a urine test despite the unavailability of a local facility equipped to test urine. *Id.* at 876. In accordance with the plain language of the statute, we held that the choice between a breath or urine test belonged to the officer—not to Davis. *Id.* at 877. Therefore, we agreed that Davis's refusal to submit to a breath test was sufficient grounds for revocation of his license. *Id.*

The present statute allocates the choices and burdens somewhat differently. In the first instance, the officer has the right to invoke the express consent law by requesting the driver to submit to a chemical test. At that point, the driver has the right to request and receive a blood test or a breath test. Once the driver has elected either a blood or a breath test, the officer has a corresponding duty to comply with the driver's request. *See* § 42–4–1301(7)(a)(II)(A). The issue before us today requires us to apply the language of the statute in light of our own precedent in *Gillett.*

Of course, our primary task in construing a statute is to ascertain and give effect to the intent of the general assembly. *People v. Dist. Court,* 713 P.2d 918, 921

---

People dismissed the driving under restraint charge.

**3.** Section 42–2–1202(3), 17 C.R.S. (1973) provided:

> Any person who drives any motor vehicle upon any public highway in this state shall be deemed to have given his consent to a chemi-

cal test of his breath, blood, or urine for the purpose of determining the alcoholic content of his blood ... [i]f such person requests that the said chemical test be a blood test, then the test shall be of his blood; but, if such person requests that the specimen of his blood not be drawn, then a specimen of his breath or urine shall be obtained and tested, the election made by the arresting officer.

(Colo.1986). We first look to the language of the statute itself. Words are given their plain and ordinary meaning unless they have acquired a technical or particular meaning. § 2–4–101, C.R.S. (2004). If the clear intent of the legislature appears with reasonable certainty, we need not resort to other rules of statutory construction. *Dist. Court,* 713 P.2d at 921.

■ The plain language of this statute provides that if a person requests a blood test, "then the test *shall* be of his or her blood"; but if the driver requests that his blood not be drawn, then "a specimen of such person's breath *shall* be obtained and tested." § 42–4–1301(7)(a)(II)(A) (emphasis added). There is a presumption that the word "shall" when used in a statute is mandatory.[4] *See Dist. Court,* 713 P.2d at 921. That presumption applies even in the negative—to wit: the driver "*shall not* be permitted to change such election." § 42–4–1301(7)(a)(II)(B) (emphasis added); *see also Dike v. People,* 30 P.3d 197 (Colo.2001) (finding the express consent law does not allow a driver to change his election of a test); *People v. Shinaut,* 940 P.2d 380 (Colo.1997) (holding defendant's selection of blood test irrevocable but erroneous accommodation did not justify suppression); *Lahey v. Dep't of Revenue,* 881 P.2d 458 (Colo.App.1994) (holding that arresting officer has duty to implement driver's election without allowing driver to change such election). There is no language on the face of the statute that permits or contemplates an exception to the authorized procedure. Rather, the statute creates a mandatory requirement that the arresting officer comply with the driver's choice of test.

■ We have previously held in this context that there is no exception that allows an arresting officer to change the driver's choice of test under the express consent statute. *See, e.g., Shinaut,* 940 P.2d at 382–83; *Lahey,* 881 P.2d at 459. Here, the language of the statute contains only one exception to compliance with the driver's election. If the driver is unable to cooperate in a breath test due to "injuries, illness, disease, physical infirmity, or physical incapacity, or if such person is receiving medical treatment at a location at which a breath testing instrument ... is not available, the test *shall* be of such person's blood." § 42–4–1301(7)(a)(II)(B) (emphasis added). The presence of one exception is generally construed as excluding other exceptions. *People v. Campbell,* 885 P.2d 327, 329 (Colo.App.1994).

We turn then to *Gillett,* a case in which the defendant had elected to undergo a blood test to determine his blood alcohol content.[5] 629 P.2d at 618. The officer then informed the defendant that facilities were not available to perform a blood test, because two of the contract providers had sent written notice to the police department withdrawing their services several months earlier. *Id.* The district court dismissed the charges, finding that under those circumstances, the defendant had a statutory right to have his blood tested. *Id.* We affirmed, holding that denial of the defendant's right to establish non-intoxication through a highly reliable form of testing was a proper basis for the order of dismissal. *Id.* at 619. The court concluded that when the officer denies the driver his test of choice, he deprives the driver of his right to establish non-intoxication—or stated otherwise, he denies the driver the right to produce exculpatory evidence. Accordingly, the court concluded that dismissal was an appropriate remedy, although no such remedy appeared in the statute. The court, however, modified the harsh remedy by language that appeared in a footnote to the opinion, wherein we indicated that under some circumstances, the officer's failure to comply could be excused for "good cause." Such "good cause" would generally require a substantial reason amounting in law to a legal excuse for failing to perform an act required by law, and might include circumstances beyond the officer's control. *Gillett,* 629 P.2d at n.9. We noted that the implied consent law "is silent on this matter

---

4. Black's Law Dictionary 1407 (8th ed.2004) defines "shall" as "has duty to; more broadly, is required to. This is the mandatory sense that drafters typically intend and that courts typically uphold."

5. At the time of the defendant's arrest, section 42–4–202(3), *see supra,* note 4, governed chemical sobriety tests.

and, while mentioning it in passing, we express no opinion on it at this time." *Id.* Since there was no evidence of good cause in that case, we declined to decide what circumstances would amount to such good cause.

We now confront another case like *Gillett* and we reaffirm that *Gillett* set forth a good cause exception to the statute.

## III. Application

We now turn to the application of that exception. Under the circumstances here, Riley elected a blood test. AMR was unavailable to perform a blood draw so the officer offered Riley a breath test. Once the driver has made his choice, however, he has neither the responsibility nor the right to elect an alternative form of chemical test. The officer has discretion to change the elected test only where a breath test is impractical due to the driver's medical condition under section 42–4–1301(7)(a)(II)(B). This sole statutory exception does not apply to the circumstances of this case. Therefore, once Riley made his choice, the onus was on the officer to comply—barring extraordinary circumstances.

Riley had a statutory right to a blood test but no chemical test was ever performed. There was no evidence of extraordinary circumstances that prevented AMR from responding in a timely manner. Rather, there was merely evidence that AMR was unable to respond during the appropriate time frame, and that such inability had not occurred previously in the officer's experience. Inconvenience, a busy work load or delay do not suffice to comprise extraordinary circumstances sufficient to excuse compliance with the statute. Accordingly, the officer violated the terms of the express consent law, and the defendant's motion to dismiss was well-founded.

## IV. Conclusion

In its appellate capacity, the district court affirmed Riley's conviction for driving while ability impaired, holding that *Gillett* established a "good cause" exception applicable to this case. We now reverse. Although we have adopted a good cause exception, it does not apply here.

Whether Riley was offered an opportunity to perform a breath test once he had elected a blood test is irrelevant. The defendant has the right to undergo the chemical testing of his choice. Riley was denied his statutory right to submit to a blood test. Accordingly, we reverse the district court's decision and remand this matter for vacation of the driving while ability impaired conviction.