Lane R. EVANS, Plaintiff–Appellant,

v.

DEPARTMENT OF REVENUE, STATE of Colorado MOTOR VEHICLE DIVISION, Defendant–Appellee.

No. 05CA1797.

Colorado Court of Appeals, Div. IV.

Nov. 16, 2006.

Curtis V. Smith, Stephen C. Cook, Amy N. Leonard, Littleton, Colorado, for Plaintiff–Appellant.

John W. Suthers, Attorney General, Ana C. Bowman, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge ROMÁN.

Plaintiff, Lane R. Evans, appeals the district court judgment affirming the revocation of his driver's license by the Department of Revenue based upon his refusal to submit to testing as required by the express consent statute. We affirm.

The relevant facts are essentially undisputed. Plaintiff was involved in a motor vehicle accident. The deputy sheriff who arrived at the scene observed that plaintiff's balance was poor, that his eyes were red and watering, and that his speech was slurred. Plaintiff admitted to drinking two beers. Medical personnel transported plaintiff to a hospital for treatment.

At the hospital, the deputy attempted to explain the express consent statute and asked plaintiff whether he would consent to a blood test. Before the deputy could finish his explanation, plaintiff refused to consent to testing and, on that basis, was issued a notice of revocation. The deputy did not offer plaintiff a breath test because there was no breath testing equipment at the hospital where plaintiff was taken. The deputy did not inform plaintiff that the hospital did not have breath testing equipment or otherwise explain why a breath test was not offered.

Following an administrative hearing, the hearing officer for the Department found that plaintiff had refused testing and ordered that the revocation remain in effect for a period of one year.

Plaintiff then commenced this action seeking judicial review of the revocation order, asserting that the deputy's actions and certain provisions of the express consent statute were unconstitutional. Plaintiff filed a motion seeking to stay the revocation order.

The district court concluded that plaintiff did not have a reasonable probability of success and, therefore, denied the motion to stay. At plaintiff's request, the district court certified that order as the final judgment in the action. Plaintiff then commenced this appeal.

## I.

Plaintiff first contends that the deputy violated his due process rights under the United States and Colorado Constitutions by failing to inform him that he did not have the option to take a breath test because the hospital where he received treatment did not have breath testing equipment. We disagree.

■ In Colorado, there is no constitutional right to an advisement concerning the right to choose between a blood test and a breath test. *See Brewer v. Motor Vehicle Div.,* 720 P.2d 564 (Colo.1986) (any requirement of advisement concerning the right to choose a particular type of test must find its basis in statutory rather than constitutional law). Absent such a right, we perceive no basis for concluding that plaintiff was constitutionally entitled to an advisement that he did not have a choice of tests, or that no such choice existed for a particular reason.

Nor are we persuaded by plaintiff's assertion that the deputy deprived him of an ability to understand the choices available to him. Plaintiff cites *Riley v. People,* 104 P.3d 218 (Colo.2004), for the proposition that when an officer denies a driver the choice of tests, the officer deprives the driver of the right to produce exculpatory evidence. We do not read *Riley* to be so broad.

■ The right to choose a particular type of sobriety test is established by statute; however, that statute does not require an arresting officer to notify the driver of such a choice. *See* § 42–4–1301.1(2)(a)(I), C.R.S. 2006. This is significant because there is no requirement of an advisement of a nonexistent right. *See Brewer v. Motor Vehicle Div., supra.*

Once an officer invokes the express consent law by requesting that a driver submit to a chemical test, § 42–4–1301.1(2)(a)(I) provides the driver with the right to choose between a blood test and a breath test. However, the statute also recognizes excep-

tions to this general rule. One such exception is set forth in § 42–4–1301.1(2)(a)(II), C.R.S.2006, which provides that if a driver "is receiving medical treatment at a location at which a breath testing instrument . . . is not available, the test *shall be of such person's blood*" (emphasis added).

Plaintiff does not dispute that § 42–4–1301.1(2)(a)(II) applied to his circumstances and that he did not have the option of choosing a breath test. The record also reflects that the deputy fully complied with the requirements of § 42–4–1301.1(2)(a)(II) by offering plaintiff a blood test. Because plaintiff was given the clear choice of either consenting to or refusing the blood test, his due process rights were not violated.

## II.

Plaintiff next contends that § 42–4–1301.1, C.R.S.2006, violates his rights to equal protection under the federal and state constitutions. He argues that § 42–4–1301.1 improperly treats individuals differently because it allows some the right to choose between a blood test and a breath test, but limits those receiving medical treatment at locations without breath testing equipment to a blood test only. We perceive no such constitutional violation.

A statute is presumed to be constitutional until shown otherwise. The party asserting the unconstitutionality of the statute bears the burden of proving its invalidity beyond a reasonable doubt. *Culver v. Ace Elec.*, 971 P.2d 641 (Colo.1999).

The threshold question in an equal protection challenge is whether the legislation results in dissimilar treatment of similarly situated individuals. To violate equal protection provisions, the classification must arbitrarily single out a group of persons for disparate treatment from other persons who are similarly situated. *Peregoy v. Indus. Claim Appeals Office*, 87 P.3d 261 (Colo.App. 2004).

We are not persuaded that persons who receive medical treatment at locations with breath testing equipment are "similarly situated" to persons who receive treatment at facilities without such equipment. However, even if we assume the two groups are similarly situated because they are both receiving medical treatment, we perceive no equal protection violation associated with their disparate treatment under the statute.

In the absence of a fundamental right or a suspect classification, neither of which exists here, the applicable standard of constitutional review for an equal protection claim is whether the statutory classification has some rational basis in fact and is reasonably related to a legitimate governmental interest. *See Smith v. Charnes*, 649 P.2d 1089 (Colo.1982). Further, if any conceivable set of facts would lead to the conclusion that a classification serves a legitimate purpose, the court must assume that those facts exist. *Peregoy v. Indus. Claim Appeals Office, supra*.

We conclude that a rational basis exists for the statute's differential treatment of individuals who receive medical treatment at locations without breath testing equipment because providing such individuals with the option of choosing a breath test would cause delays in obtaining test samples. *See Gallion v. Motor Vehicle Div.*, 155 P.3d 539 (Colo.App.2006)(testing required within two hours of the person's driving); *see also* § 42–4–1301.1(2)(a)(III), C.R.S.2006; Colo. Sess. Laws 1999, ch. 35, § 42–2–126(2)(a)(II) at 90. These delays would substantially hinder the state's legitimate public safety interest in securing timely alcohol test results for individuals suspected of driving while intoxicated. *See People v. Loeser*, 981 P.2d 197 (Colo.App.1998)(recognizing legitimate governmental interest in preventing drunk drivers from endangering public safety).

Nor are we persuaded by plaintiff's assertion that § 42–4–1301.1(2)(a)(II) authorizes differential treatment of individuals who receive medical treatment at locations without breath testing equipment. To the contrary, the statute treats all such individuals the same because it limits them all to a blood test.

## III.

We also disagree with plaintiff's contention that § 42–4–1301.1 violates his due process

rights because it does not require that individuals "be notified of a right to a choice of tests or the restriction of that right if one (type of test) is unavailable."

A driver in Colorado has no constitutional right to be advised whether or not a choice of tests is available. *See Brewer v. Motor Vehicle Div., supra.*

## IV.

■ Finally, we are also unpersuaded by plaintiff's contention that § 42–4–1301.1 is unconstitutionally vague.

■ A statute is unconstitutionally vague only if persons of common intelligence must guess at its meaning or differ as to its application. Words and phrases used in statutes are to be given their generally accepted meaning and need not be specifically defined if they are readily comprehensible, everyday terms. *Collins v. Jaquez,* 15 P.3d 299 (Colo. App.2000); *see Delta Sales Yard v. Patten,* 892 P.2d 297 (Colo.1995).

The words and phrases of § 42–4–1301.1 are readily comprehensible to persons of ordinary intelligence without further definition. The statute, in sufficiently clear terms, provides individuals with fair warning as to the circumstances under which a choice of tests is, and is not, available. Thus we conclude the statute is not unconstitutionally vague. *See Collins v. Jaquez, supra; see also Smith v. Charnes,* 728 P.2d 1287 (Colo.1986).

The judgment is affirmed.

Judge LOEB and Judge PLANK * concur.