**Logan J. BRODAK, Plaintiff–Appellee,**

v.

**Jeff VISCONTI, Defendant–Appellant.**

No. 05CA2235.

Colorado Court of Appeals, Div. III.

Feb. 22, 2007.

Rehearing Denied May 17, 2007.

Dickie D. Lewis, Grand Junction, Colorado, for Plaintiff–Appellee.

John W. Suthers, Attorney General, Ceri Williams, Assistant Attorney General, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge WEBB.

In this dispute over disregard of a driver's request of a breath test for excessive blood alcohol content (BAC), Jeff Visconti, representing the Department of Revenue (Department), appeals from the district court judgment reversing the Department's revocation of the driver's license of plaintiff, Logan J. Brodak. We reverse and remand for reinstatement of the revocation order on the basis that, because plaintiff was receiving medical treatment at a hospital where breath testing was not available, the arresting officer properly required him to take a blood test.

## I.   Facts

The parties do not dispute the following facts. At 10:02 p.m. on October 20, 2004, a police officer was dispatched to the scene of an automobile accident. After investigating at the crash scene, the officer went to a hospital to contact plaintiff, the driver, who had been transported there by ambulance. The officer smelled a strong odor of an alcoholic beverage on plaintiff's breath, observed that his eyes were blood shot, and asked him to perform roadside maneuvers. Plaintiff performed the maneuvers unsatisfactorily.

The officer then invoked the express consent statute and requested plaintiff to submit to a blood test. Plaintiff asked for a breath test. However, the officer told him that his only testing option at that point was a blood test and that, "if he didn't take the test, he would lose his license for a period of a year." At the hearing, the officer explained that a breath test was not available at the hospital (which plaintiff does not dispute), that a blood test was the only feasible option because "at the time we were about an hour and forty-five minutes after the crash," and that "there wasn't the ability to take him down and do a breath test."

Plaintiff then consented to a blood test. Testing on a blood sample drawn at 11:45 p.m. showed his BAC to be 0.165 grams of alcohol per one hundred milliliters of blood, more than twice the statutory limit for revocation. *See* § 42–2–126(2)(a)(I), (9)(c)(I), C.R.S.2006. At 11:58 p.m., promptly upon plaintiff's release from the hospital, the officer took him into custody and later transported him to the county jail.

Following a hearing at which both plaintiff and the arresting officer testified, the hearing officer rejected plaintiff's argument that the officer violated the express consent statute by not implementing his request to take a breath test. The hearing officer ruled that "it was not unreasonable for [the arresting officer] to require that [plaintiff] submit to a blood test" because the statute allowed him to require a blood test when a driver "is being treated (or reasonably believed to be undergoing treatment) at a medical facility." The hearing officer made no express finding that plaintiff was undergoing treatment. Based on the blood test results, the hearing officer ordered that plaintiff's driver's license be revoked.

On review, the district court reversed the revocation, ruling that the hearing officer misinterpreted § 42–4–1301.1(2)(a)(II), C.R.S.2006. As relevant here, this statute requires a blood test, notwithstanding a driver's request for a breath test, "if such person

is receiving medical treatment at a location at which a breath testing instrument ... is not available." The court found that the arresting officer did not have good cause for failing to implement plaintiff's request for a breath test because "[t]here was no evidence presented" that plaintiff "had received any medical treatment." The court rejected the hearing officer's interpretation that the pertinent statutory exception to the driver's right to choose between testing alternatives permitted a police officer to rely on reasonable belief as opposed to requiring proof of medical treatment.

## II. Dispositive Issue

The Department argues, among other things, that the arresting officer did not violate the express consent statute in requiring a blood test because the record shows that plaintiff was receiving medical treatment at the hospital within the meaning of § 42–4–1301.1(2)(a)(II). We agree with the Department because we conclude that examination by medical professionals at the hospital constitutes medical treatment.

## III. Law

A reviewing court may reverse the Department's revocation action upon determining that the Department has made an erroneous interpretation of the law, has acted in an arbitrary and capricious manner, or has made a finding that is unsupported by the evidence in the record. Section 42–2–126(10)(b), C.R.S.2006; *see also* §§ 24–4–106(7), 42–2–126(11), C.R.S.2006.

To determine that a hearing officer's decision was arbitrary and capricious, a reviewing court must be convinced that the record as a whole lacks substantial evidence to support the hearing officer's decision. *Charnes v. Robinson,* 772 P.2d 62 (Colo. 1989). The credibility of the witnesses and the weight to be given to the evidence are factual matters solely within the province of the hearing officer. *See Charnes v. Lobato,* 743 P.2d 27 (Colo.1987).

Statutory interpretation is a question of law that appellate courts review de novo. *Hendricks v. People,* 10 P.3d 1231 (Colo.2000). When construing statutes, a court's primary purpose is to effectuate the General Assembly's intent by giving words and phrases their commonly accepted meaning. *People v. Renfro,* 117 P.3d 43 (Colo. App.2004). If the statute is unambiguous, we look no further. *Hensley v. Tri–QSI Denver Corp.,* 98 P.3d 965 (Colo.App.2004).

Under the express consent statute, a suspected drunk driver generally has a statutory right and responsibility to choose between taking either a blood test or a breath test to determine the driver's BAC, and the arresting officer generally has a corresponding duty to implement the particular type of test selected by the driver. *See* § 42–4–1301.1(2)(a)(I), C.R.S.2006; *Turbyne v. People,* 151 P.3d 563 (Colo.2007); *Lahey v. Dep't of Revenue,* 881 P.2d 458 (Colo.App.1994).

However, the statute also provides for certain exceptions to the driver's right to choose between the testing alternatives, including the "is receiving medical treatment" exception at issue here. *See Evans v. Dep't of Revenue,* 159 P.3d 769, 2006 WL 3316839 (Colo.App. No. 05CA1797, Nov. 16, 2006) (noting that these statutory provisions eliminate the driver's option of selecting a breath test in such circumstances); *see also Riley v. People,* 104 P.3d 218 (Colo.2004) (acknowledging but not applying statutory exceptions).

The parties have cited no Colorado case, and we have found none, interpreting the phrase "is receiving medical treatment," which the statute does not define. The statute does not mandate any particular extent or level of medical treatment.

Section 42–4–1301.1(2)(a)(I) bestows on drivers the right to request a breath test in lieu of a blood test, subject to exceptions, including the "is receiving medical treatment" exception at issue. Because the statute establishes a general rule, subject to exceptions, we must construe the exceptions narrowly to preserve the primary operation of the general rule. *See City of Edmonds v. Oxford House, Inc.,* 514 U.S. 725, 115 S.Ct. 1776, 131 L.Ed.2d 801 (1995); *Comm'r of Internal Revenue v. Clark,* 489 U.S. 726, 109 S.Ct. 1455, 103 L.Ed.2d 753 (1989).

Hence, we agree with the district court that, had the General Assembly intended this criterion to be a matter of a police officer's reasonable belief, as articulated by the hearing officer, rather than one of fact, the statute would have so provided. *See Turbyne v. People, supra* (when interpreting a statute, courts do not add or subtract statutory words); *People v. Vasquez,* 148 P.3d 326 (Colo.App.2006)(same).

We have not found a Colorado case addressing, in any context, whether an examination constitutes medical treatment. Most courts to have addressed this issue in various contexts other than BAC testing conclude that medical treatment includes examination and diagnostic procedures. *See Puig v. Citicorp Life Ins. Co.,* 687 So.2d 852, 855 (Fla.Dist.Ct.App.1997)(quoting *Black's Law Dictionary* 1346 (5th ed.1979), and stating that treatment is "[a] broad term covering all the steps taken to effect a cure ... including examination and diagnosis"); *see also Succession of Cormier,* 80 So.2d 571 (La.Ct.App. 1955); *Lloyd v. County Elec. Co.,* 599 S.W.2d 57 (Mo.Ct.App.1980); *Witty v. Fortunoff,* 286 N.J.Super. 280, 669 A.2d 244 (1996); *Little v. Little,* 576 S.W.2d 493 (Tex.Civ.App.1979). *But see SAIF Corp. v. Johnson,* 198 Or.App. 504, 108 P.3d 662, 665 (2005) (quoting *Stedman's Medical Dictionary* 1866 (27th ed.2000), " '[T]reatment' is '[m]edical or surgical management of a patient.' To 'treat' is '[t]o manage a disease by medicinal, surgical or other measures.' ").

The court in *Turner v. Nama,* 294 Ill. App.3d 19, 228 Ill.Dec. 431, 689 N.E.2d 303, 311 (1997), examined various definitions and concluded that medical treatment "is an affirmative event involving application of medical expertise." An examination by a doctor and a nurse would meet this definition.

We find these authorities to be well reasoned and apply them to the express consent statute.

## IV. Application

■ Here, no medical records were introduced at the hearing. The officer answered affirmatively the hearing officer's question, "Was [plaintiff] being treated," but did not describe any such treatment. Plaintiff also answered affirmatively his counsel's question, "were you treated at the hospital?" Plaintiff then clarified that he had not been injured, that the only "treatment" he had received was a nurse's repeated but unsuccessful efforts to draw blood, and that he had refused treatment because he was uninsured.

When asked whether "the nurse and doctor [had] completed their examination of you" at the time the officer arrived, however, plaintiff responded, "What they tried to do, yeah." And at oral argument, plaintiff's counsel conceded that plaintiff had been examined at the hospital.

On the one hand, had the hearing officer expressly found that plaintiff received treatment, we could not conclude that such a finding was without record support. But because the hearing officer did not so find, he could have instead relied on the officer's reasonable belief, which we have concluded the statute does not permit. On the other hand, the district court's conclusion that "no evidence" of medical treatment was presented ignores plaintiff's testimony about examination by a doctor and a nurse.

Given the conclusory nature of the officer's testimony and plaintiff's explanation concerning the attempted blood draws, in our view this case should be decided on the basis that a person who is being examined at a hospital by medical professionals "is receiving medical treatment" within the meaning of the express consent statute.

Nevertheless, plaintiff argues, without citation of Colorado precedent, that "medical treatment" should be limited to "injuries, illness, disease, physical infirmity, or physical incapacity" that render a suspected drunk driver "unable to take, or to complete, or to cooperate in the completing of a breath test," as that language appears in § 42–4–1301.1(2)(a)(II). We are not persuaded.

The language on which plaintiff relies is followed by the phrase, "*or if such person is receiving medical treatment at a location*" where a certified breath testing instrument is not available. Section 42–4–1301.1(2)(a)(II) (emphasis added) The General Assembly's use of "or," the disjunctive conjunction, demarcates a different type of act or category.

See, e.g., Holliday v. Bestop, Inc., 23 P.3d 700, 708 (Colo.2001); Rivera–Bottzeck v. Ortiz, 134 P.3d 517, 521 (Colo.App.2006). Hence, the language on which plaintiff relies does not define or limit medical treatment.

Because we have concluded that medical treatment includes an examination by medical professionals, and the record is undisputed that plaintiff received such an examination (which he concedes), we further conclude that the record supports applying the medical treatment exception to eliminate plaintiff's option of taking a breath test. See § 42–4–1301.1(2)(a)(II); see also Poe v. Dep't of Revenue, 859 P.2d 906 (Colo.App.1993). Therefore, the officer's demand that plaintiff take a blood test under this exception is supported by substantial evidence in the record as a whole. See Charnes v. Robinson, supra (upholding revocation under substantial evidence standard of review despite improprieties in hearing officer's ruling); Charnes v. Lobato, supra.

Further, the blood test results support the hearing officer's ultimate finding that plaintiff drove with an excessive BAC. See § 42–2–126(2)(a)(I), (9)(c)(I). Accordingly, the Department properly revoked plaintiff's driver's license, and the district court erred in reversing the revocation. See § 42–2–126(10)(b).

Plaintiff's reliance on Turbyne v. People, supra, and Riley v. People, supra, is misplaced. Turbyne did not involve the medical treatment exception. In Riley, a criminal case, no BAC test was ever taken by the driver.

In view of this disposition, we need not address the Department's remaining contentions concerning a broader interpretation of the statute.

The judgment is reversed, and the case is remanded to the district court with directions to reinstate the revocation order.

Judge TAUBMAN and Judge ROMÁN concur.