**Lynda Dianne BRADT, Plaintiff–Appellee,**

v.

**COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant–Appellant.**

**No. 06CA0909.**

Colorado Court of Appeals, Div. V.

Nov. 15, 2007.

Bruce W. Sarbaugh, Boulder, Colorado, for Plaintiff–Appellee.

John W. Suthers, Attorney General, Ceri Williams, Assistant Attorney General, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROMÁN.

The Department of Revenue appeals from the district court judgment reversing its revocation of the driver's license of plaintiff, Lynda Dianne Bradt, for driving with an excessive breath alcohol content (BAC). Although the arresting officer improperly permitted plaintiff to take a breath test after she had initially chosen and then refused to take a blood test, we conclude that the arresting officer's statutory violation in this regard did not warrant the suppression of the breath test results under the circumstances here. Accordingly, we reverse and remand for reinstatement of the order of revocation.

## I.  Facts

The relevant facts are not in dispute. After a traffic stop at 2:04 a.m. on June 15, 2005, plaintiff was arrested for driving under the influence of alcohol. The arresting officer invoked the express consent law and offered plaintiff her statutory choice between taking a blood test or a breath test. Plaintiff then chose to take a blood test, and was transported to the county jail.

Plaintiff later refused by her uncooperative conduct to take the blood test she had chosen. After firefighters arrived to perform the blood draw, plaintiff was verbally abusive and combative, and would not allow her blood to be drawn. Although the arresting officer told her that her license could be revoked for

up to a year if she refused that test, plaintiff said she did not care, and the arresting officer eventually had the firefighters leave because she continually refused her opportunities to take the blood test.

About twenty minutes later, plaintiff initiated further contact with the arresting officer and told him she would like to take "a" test because she did not want her license to be revoked. Plaintiff did not request a blood test at that point, and the arresting officer did not give her that choice again, telling her that he was not going to have the firefighters come back, but that he would allow her to take a breath test and would not hold her previous refusal against her.

Plaintiff then agreed and took a breath test at 3:16 a.m., the results of which showed her BAC to be .187 grams of alcohol per two hundred ten liters of breath, more than twice the statutory limit for revocation. *See* § 42–2–126(2)(a)(I), (9)(c)(I), C.R.S.2007.

Following a hearing, the hearing officer rejected plaintiff's arguments, ruling that after plaintiff had refused the chosen blood test by her conduct, she gave up her right to take that test. Based on the results of the breath test, the hearing officer then ordered the revocation for driving with an excessive BAC.

On review, the district court reversed the revocation, ruling that plaintiff retracted her refusal in a timely manner and retained her right to the blood test she had chosen. The court further ruled that the Department acted arbitrarily and capriciously in determining that the breath test results were properly admitted and reversed the revocation in view of the fact that plaintiff had previously chosen to take the blood test.

## II. Legal Analysis

The Department contends, among other things, that the revocation was properly based on the breath test results, because even if the arresting officer violated the express consent statute in allowing plaintiff to take the breath test, the violation did not justify suppression of the test results in this case. We agree with this contention.

Under section 42–2–126(10)(b), C.R.S.2007, a reviewing court may reverse the Department's revocation action upon determining that, as relevant here, the Department has made an erroneous interpretation of the law or has acted in an arbitrary and capricious manner. *See also* §§ 24–4–106(7), 42–2–126(11), C.R.S.2007.

To determine that a hearing officer's decision was arbitrary and capricious under this statutory standard, a reviewing court must be convinced from the record as a whole that there was not substantial evidence to support the hearing officer's decision. *Charnes v. Robinson,* 772 P.2d 62, 68 (Colo.1989).

### A. Statutory Violation in Changing Tests

██ The express consent statute creates mutual rights and responsibilities for both the arresting officer and the arrested driver in connection with the applicable testing requirements. *Lahey v. Dep't of Revenue,* 881 P.2d 458, 459 (Colo.App.1994).

██ Specifically, under these provisions, when the arresting officer requests the suspected drunk driver to submit to testing, the driver has a statutory right and responsibility to choose between taking either a blood test or a breath test to determine the driver's BAC. When the driver has chosen a test, the arresting officer generally has a corresponding duty to implement the particular type of test selected by the driver, without allowing the driver to change that test selection. *See* § 42–4–1301.1(2)(a)(I)–(II), C.R.S.2007; *People v. Shinaut,* 940 P.2d 380, 382–83 (Colo. 1997); *Brodak v. Visconti,* 165 P.3d 896, 898 (Colo.App.2007); *Lahey,* 881 P.2d at 459.

Thus, under the 2005 version of the express consent law applicable here, the statute created a mandatory requirement for the arresting officer to comply with plaintiff's initial choice of the blood test, and there was no statutory exception allowing the arresting officer to permit plaintiff to change her selection and to take the alternative test. *See Riley v. People,* 104 P.3d 218, 221 (Colo. 2004); *cf.* Ch. 261, sec. 1, § 42–4–1301.1(2), 2007 Colo. Sess. Laws 1022–24 (providing new statutory exception allowing change to alternative test in certain circumstances, ap-

plicable to offenses on and after July 1, 2007).

Here, notwithstanding plaintiff's initial refusal to cooperate with the blood test she had chosen, her initial test selection was irrevocable. Even after her uncooperative conduct, she was still obligated to take only the blood test, and the arresting officer was still required to implement only that test without allowing her to change her selection to a breath test. Consequently, the arresting officer improperly permitted plaintiff to take the breath test at that point in violation of the applicable statutory requirements. *See Shinaut,* 940 P.2d at 382–83; *Lahey,* 881 P.2d at 459–60.

### B. Suppression of Test Results Not Warranted

■ Nevertheless, we agree with the Department that suppression of the breath test results was not warranted under the circumstances here.

■ When a law enforcement officer has failed to comply with the requirements of the express consent statute by permitting the driver to take the alternative test instead of the one initially chosen, suppression of those test results may be an appropriate sanction in some cases, but not in others, depending on the circumstances. *See Turbyne v. People,* 151 P.3d 563, 570–72 (Colo.2007) (driver improperly permitted to take alternative test; suppression warranted); *Dike v. People,* 30 P.3d 197, 199–200 (Colo.2001) (driver improperly permitted to take alternative test; suppression *not* warranted); *Shinaut,* 940 P.2d at 383–84 (driver improperly permitted to take alternative test; suppression *not* warranted).

■ A statutory violation does not ordinarily require suppression of relevant evidence. *Shinaut,* 940 P.2d at 384 (holding that "[e]rroneous accommodation of a citizen's request by a police officer does not warrant the sanction of excluding evidence").

■ However, a valid consent to search must be voluntary, and suppression of evidence is an appropriate sanction when consent to the search is not voluntary. Moreover, when, as here, the controlling facts are undisputed, an appellate court may review the totality of the circumstances in determining whether there was objective evidence of coercion or other improper police conduct rendering the driver's consent to the alternative test invalid as not voluntary. *Turbyne,* 151 P.3d at 572.

Applying these standards, we conclude the circumstances here are most similar to those in *Dike* and *Shinaut,* and do not warrant the suppression of the breath test results.

In *Dike,* as in this case, the driver initially chose to take a blood test but later refused to take that test by uncooperative conduct, despite being told that his license would be revoked for refusal. After that point, the police officer offered the driver another opportunity to take "a" test, and the driver subsequently took a breath test. Under those circumstances, the supreme court held that the breath test results should not be suppressed. *Dike,* 30 P.3d at 199–200.

In *Shinaut,* the police officer accommodated the driver's request to take the alternative test, and the supreme court held that suppression of the test results was not warranted. *Shinaut,* 940 P.2d at 384.

In this case, after plaintiff's initial refusal of her chosen test, she similarly initiated the actions resulting in the alternative test being taken. Although she did not specifically request to take the alternative test, she also did not specifically request to take the blood test at that point either.

Finally, unlike the circumstances in *Turbyne* where suppression was justified, there is no indication in the record here that plaintiff stood on her original choice to take the blood test and consented to the alternative test only because of erroneous and coercive advice by the arresting officer that her license would be revoked by not submitting to the alternative test. *See Turbyne,* 151 P.3d at 572. The record in this case does not show any such coercive advice by the arresting officer. Further, plaintiff testified that she had "freaked out" during the earlier blood draw attempt, and there is no evidence indicating that she specifically sought another opportunity to take a blood test after that

refusal or would cooperate with any further attempt.

Thus, on this record, we perceive no reversible error in the use of the breath test results at the revocation hearing. Moreover, based on the breath test results, the hearing officer's ultimate finding that plaintiff drove with an excessive BAC is supported by substantial evidence in the record as a whole. *See* § 42–2–126(2)(a)(I), (9)(c)(I); *Robinson,* 772 P.2d at 68–69 (upholding revocation under substantial evidence standard of review despite improprieties in hearing officer's ruling); *Brodak,* 165 P.3d at 900 (same). Accordingly, the Department properly revoked plaintiff's driver's license, and the district court erred in reversing the revocation. *See* § 42–2–126(10)(b), C.R.S.2007.

In view of this disposition of the issues, we need not address the remaining contentions of the parties.

The judgment is reversed, and the case is remanded to the district court with directions to reinstate the order of revocation.

Judge GRAHAM and Judge LOEB concur.