NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1648-23

STATE OF NEW JERSEY,

      Plaintiff-Appellant,

v.

AHJHIR K. JONES, a/k/a
AHJHIO JONES,

      Defendant-Respondent.

_____

> **APPROVED FOR PUBLICATION**
>
> **March 20, 2025**
>
> **APPELLATE DIVISION**

Argued December 5, 2024 – Decided March 20, 2025

Before Judges Mawla, Natali, and Vinci.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 22-06-0343.

Matthew W. Kelly, Special Deputy Attorney General, argued the cause for appellant (Robert J. Carroll, Morris County Prosecutor, attorney; Matthew W. Kelly, of counsel and on the briefs).

Scott M. Welfel, Assistant Deputy Public Defender, argued the cause for respondent (Jennifer N. Sellitti, Public Defender, attorney; Scott M. Welfel, of counsel and on the brief).

The opinion of the court was delivered by

NATALI, J.A.D.

We granted leave to appeal to again resolve an issue of statutory interpretation involving a provision of our Criminal Code, specifically N.J.S.A. 2C:35-14, which addresses the admission criteria to Recovery Court. Judge Robert M. Hanna rejected the State's proposed construction that defendant was legally ineligible for admission into Recovery Court under N.J.S.A. 2C:35-14(a)(5), which bars applicants if they "possess[ed] a firearm at the time of the present offense . . . [or] at the time of any pending criminal charge." In rejecting the State's interpretation of the second clause of the statute, the judge concluded the phrase "at the time of any pending charge" bars only applicants: (1) charged with committing a firearms offense and, (2) whose firearms charges remain pending at the time of the Recovery Court application. As defendant's gun charges, while at one time "pending," had been resolved when he applied to Recovery Court for a different offense not involving a firearm, the judge concluded he was legally eligible.

Before us, the State reprises its arguments raised before the judge, specifically contending:

> I. THE [TRIAL] COURT ERRED IN RULING THE DEFENDANT ELIGIBLE FOR RECOVERY COURT SPECIAL PROBATION AS HE IS BARRED FROM ENTRY UNDER N.J.S.A. 2C:35-14[(a)](5) AND TO PERMIT ADMITTANCE WILL LEAD TO THE IMPOSITION OF AN ILLEGAL SENTENCE.

a. DEFENDANT IS A TRACK ONE RECOVERY COURT CANDIDATE.

b. N.J.S.A. 2C:35-14[(a)](5) SHOULD BE CONSTRUED AS A NONDISCRETIONARY ELIGIBILITY FACTOR.

c. THE [TRIAL] COURT'S DETERMINATION THAT THE DEFENDANT IS ELIGIBLE, DUE TO HIS SATISFACTION OF FACTOR [(a)](5), WOULD RENDER AN ILLEGAL SENTENCE.

i. THE PLAIN LANGUAGE AND LEGISLATIVE INTENT OF FACTOR [(a)](5) IS CLEAR AND THE DEFENDANT IS LEGALLY INELIGIBLE FOR RECOVERY COURT.

ii. DEFENDANT'S CASE IS DISTINGUISHABLE FROM STATE V. ANCRUM, [449] N.J. SUPER. 526 (APP. DIV. 2017).

We are unpersuaded by the State's arguments that defendant was an ineligible Track One Recovery Court candidate and affirm substantially for the reasons expressed by Judge Hanna in his cogent written decision.

I.

In August 2021, Morristown police responded to a call regarding a potential burglary at a car dealership and discovered vehicles and miscellaneous personal property had been stolen. The police collected a fingerprint from the exterior of a window the suspects used to enter the

3

dealership building, and a subsequent forensic examination matched the fingerprint to defendant.

Less than two weeks later, Newark police located one of the stolen vehicles and found defendant sleeping in it and arrested him. When an officer asked defendant if he knew why he was being arrested, defendant responded "because he was in a stolen car." Defendant was charged in Essex County with third-degree receiving stolen property, N.J.S.A. 2C:20-7(a) (first Essex County case).

After learning defendant was in custody for the Newark arrest, the Morris County Prosecutor's Office (MCPO) requested he be transferred to Morris County for prosecution. They also charged him with second-degree conspiracy to commit theft, N.J.S.A. 2C:5-2(a)(1) and 2C:20-3(a); third-degree theft, N.J.S.A. 2C:20-3(a); third-degree conspiracy to commit burglary, N.J.S.A. 2C:5-2(a)(1) and 2C:18-2(a)(1); third-degree burglary, N.J.S.A. 2C:18-2(a)(1); third-degree criminal mischief, N.J.S.A. 2C:17-3(a)(1); and fourth-degree unlawful taking of means of conveyance, N.J.S.A. 2C:20-10(d), related to the dealership robbery (Morris County case). A Morris County grand jury returned a seven-count indictment encompassing both the first Essex County and Morris County cases that charged defendant with the

aforementioned offenses, as well as third-degree receiving stolen property, N.J.S.A. 2C:20-7(a).

Defendant was again arrested in Newark in July 2022. When approached by the police, defendant attempted to flee. While doing so, he threw his bag over a fence and a loaded handgun fell out of the bag and was recovered by the police. Defendant was subsequently charged in Essex County with second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1); third-degree possession a weapon without a serial number, N.J.S.A. 2C:39-3(n); fourth-degree possession of a handgun by a minor, N.J.S.A. 2C:58-6.1; fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2); and fourth-degree obstruction, N.J.S.A. 2C:29-1(a) (second Essex County case).

On January 30, 2023, defendant pled guilty in the second Essex County case pursuant to a negotiated plea agreement to second-degree unlawful possession of a handgun; third-degree possession of a firearm without a serial number; and fourth-degree resisting arrest. He was subsequently sentenced to three years of probation and community service with a Graves Act waiver.[1]

On April 12, 2023, after he resolved the second Essex County case, defendant sought admission to Recovery Court with respect to his charges in the Morris County case. The State objected and contended defendant was

---

[1] N.J.S.A. 2C:43-6(c) and 2C:43-6.2.

legally ineligible to enter Recovery Court because he: (1) was a danger to the community contrary to N.J.S.A. 2C:35-14(a)(9), who could not be adequately supervised; (2) demonstrated "no nexus between [his] criminal offenses and an addiction," such that Recovery Court would not "reduce the likelihood that [he] will thereafter commit another offense"; and (3) was subject to a custodial sentence, which the State contended was more appropriate under the circumstances. Despite the State's objection, after submitting to mandated substance abuse evaluations, defendant was deemed clinically eligible with a recommendation of intensive outpatient treatment.

Although not discussed in its written objection, during oral arguments, the State also maintained defendant was legally ineligible for Recovery Court under subsection (a)(5) because the second Essex County case involved the possession of a firearm. The judge found defendant clinically eligible for Recovery Court based upon his evaluation results, but reserved decision regarding his legal eligibility and granted the parties an opportunity for additional briefing as to the applicability of subsection (a)(5).

The judge heard additional oral arguments as to defendant's legal eligibility under subsection (a)(5) during which the State again contended defendant was ineligible because he "possessed a firearm while any criminal charge was pending." It specifically maintained subsection (a)(5) "is not

concerned whether the Essex charge is still pending, but rather whether the defendant possessed a firearm during the pendency of any criminal charge, to include the Morris County burglary and theft charges." Defendant maintained he was eligible because the second Essex County case was resolved and thus not a pending legal matter.

On December 11, 2023, the judge issued a written order and opinion rejecting the State's arguments and concluded defendant was both clinically and legally eligible for Recovery Court under N.J.S.A. 2C:35-14. He further explained because defendant's second-degree charge rendered him subject to the presumption of incarceration, he was properly characterized as a Track One candidate who was required to satisfy all nine eligibility criteria set forth in N.J.S.A. 2C:35-14(a).[2] As pertinent here, the judge noted the parties disputed the proper interpretation of only the second clause of subsection (a)(5), whether defendant "possess[ed] a firearm at the time of any pending criminal charge."

The judge explained, under subsection (a)(5), "the current Morris County charges do not involve a firearm[,] and th[e] Essex County charges

---

[2]  Neither party disputes the fact defendant is a Track One candidate for Recovery Court as the Morris County charges carry a presumption of incarceration. We detail and discuss the Track One eligibility requirements below.

involving a firearm are no longer pending, having been disposed by guilty plea and a sentence of non-custodial probation."[3]  In reaching this conclusion, the judge relied upon Ancrum for the proposition that the second clause of subsection (a)(5) does not bar an applicant from Recovery Court whose charges, like defendant's, involve a firearm when those charges were "disposed (whether by guilty plea or otherwise)."  Specifically, the judge found "the first clause of the statute plainly and exclusively refers to the present Morris County charges, and that the second clause does not, instead referring to other pending charges that somehow involve possession of a firearm."  The judge further concluded, "once any such pending charge involving a firearm is disposed . . . , it is no longer pending and hence will not bar admission into Recovery Court."

According to the judge, the State's construction of the statute would render the first clause of subsection (a)(5) surplusage.  That is, "[t]he State's construction of the statute renders the first clause of N.J.S.A. 2C:35-14[(a)](5) unnecessary, as it lumps the 'present offense' into the second clause's 'any

_____

[3]  The judge also concluded, with respect to N.J.S.A. 2C:35-14(a)(9), "[d]efendant would not pose a danger to the community if he were to be sentenced into Recovery Court," and as to N.J.S.A. 2C:35-14(a)(2) and (3), defendant's offense was motivated by his substance use disorder.  The State does not challenge those findings before us.

pending criminal charge,' ignoring that the statute has two separate, distinct clauses with different meanings and purposes."

The judge explained the State's interpretation "would disqualify a Track One candidate even where the firearms charge was later dismissed or amended/downgraded to a non-firearms offense" and was "contrary to the expansion of Recovery Court eligibility since the inception of the program more than two decades ago." He also noted the offenses to which defendant pled guilty in the second Essex County case were not among those listed in N.J.S.A. 2C:35-14(a)(7) or -14(b) as disqualifying convictions, and the court was free to consider the conduct underlying such firearms offenses as part of its community safety assessment.

The judge explained "[p]ractical considerations" reinforced his interpretation of the statute. That is, the majority of "guilty pleas to a firearms offense will result in a prison sentence, which removes Recovery Court as a possible sentence for other pending charges." Even in those instances where, as here, "a Graves Act charge results in a non-custodial probation sentence," the court would "be able to consider the firearms offense conduct in its assessment of 'danger to the community' under N.J.S.A. 2C:35-14[(a)](9) and the appropriateness of a Recovery Court sentence." "In sum, since [d]efendant no longer has a pending charge involving a firearm given the [second Essex

A-1648-23

County case] dispositions, and since the present Morris County charges do not involve a firearm, [d]efendant meets the requirements of N.J.S.A. 2C:35-14[(a)](5) and the State's objection is overruled."

## II.

As this appeal involves an issue of statutory construction, a question of law, our review is de novo.  State v. Figaro, 462 N.J. Super. 564, 571 (App. Div. 2020); State v. Amer, 471 N.J. Super. 331, 355 (App. Div. 2022).  We accordingly give "no deference to the trial court's 'interpretation of the law and the legal consequences that flow from established facts.'"  State v. Maurer, 438 N.J. Super. 402, 411 (App. Div. 2014) (quoting State v. Bradley, 420 N.J. Super. 138, 141 (App. Div. 2011)).

The State contends the judge erred in admitting defendant to Recovery Court because he does not meet the requirements of N.J.S.A. 2C:35-14(a)(5), and that his admission will lead to the imposition of an illegal sentence.[4]

---

[4]  The State further maintains subsection (a)(5) should be construed as a non-discretionary eligibility factor.  Relying upon State v. Hyland, 238 N.J. 135 (2019), it asserts subsection (a)(5) requires objective determinations and does not require fact-finding or any exercise of discretion, unlike other provisions of N.J.S.A. 2C:35-14.

In Hyland, 238 N.J. at 147-48, our Supreme Court explained "[c]ertain eligibility criteria, such as N.J.S.A. 2C:35-14(a)(4) and (9), are discretionary determinations requiring the sentencing judge to engage in fact-finding," while others, including sections (a)(1), (6), (7), and (8), "require objective, per se

10

Specifically, the State posits under an objective determination, the plain language and legislative intent of subsection (a)(5) are clear, and both demonstrate defendant is legally ineligible for Recovery Court. It contends the language used in the second clause of subsection (a)(5), that the defendant "did not possess a firearm at the time of any pending criminal charge," N.J.S.A. 2C:35-14(a)(5), refers not to a "pending charge" for a firearms offense, but instead to the act of possessing a firearm while the defendant has pending charges for any offense, including the "present" offense for which the defendant seeks admission to Recovery Court. The State maintains the fact that the second Essex County case was resolved by a plea and is no longer pending is not dispositive to a proper analysis of subsection (a)(5) because defendant possessed a weapon while the Morris County case was pending.

The State next argues the court's interpretation of subsection (a)(5) is also flawed because it fosters an absurd result in situations where a defendant would be denied admission to Recovery Court because their charges are pending—and thus presumed innocent—but would permit potential entry to a

---

legal determinations." The State may appeal only "a plainly mistaken, non-discretionary, non-factual finding under N.J.S.A. 2C:35-14(a)." Id. at 139. Because it is undisputed defendant possessed a firearm in the second Essex County case, the sole issue before the court is a legal one – the proper interpretation of subsection (a)(5) – rendering the State's appeal proper under Hyland.

defendant after a conviction. It contends such a result contradicts the clear, plain language of subsection (a)(5). In response to the court's concern that, under the State's interpretation of subsection (a)(5), applicants would be barred from Recovery Court even if their case is dismissed, downgraded, or otherwise disposed, it maintains an acquittal or dismissal would establish the applicant did not possess a firearm "at the time of any pending criminal charge," N.J.S.A. 2C:35-14(a)(5), and therefore would not preclude admission to Recovery Court.

The State also argues the judge erred in relying on Ancrum because that case involved N.J.S.A. 2C:35-14(a)(7), which bars entry to Recovery Court where the applicant has a conviction or pending charge for certain enumerated offenses. According to the State, subsection (a)(7) "does not apply to the conviction for which the offender is currently being sentenced," unlike subsection (a)(5), which "is solely concerned with the act of possessing a firearm while any criminal case is pending."

We begin by addressing the well-settled principles of statutory construction that guide our analysis. First and foremost, we must ensure our interpretation is consistent with the intent of the Legislature, which remains the "paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language." DiProspero v. Penn, 183

N.J. 477, 492 (2005).  "If the plain language leads to a clear and unambiguous result, then [the] interpretive process is over."  Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 195 (2007) (citing DiProspero, 183 N.J. at 492).  "If, however, a literal interpretation of a provision would lead to an absurd result or would be inconsistent with the statute's overall purpose, 'that interpretation should be rejected' and 'the spirit of the law should control.'"  Pfannenstein v. Surrey, 475 N.J. Super. 83, 95 (App. Div. 2023) (quoting Hubbard v. Reed, 168 N.J. 387, 392-93 (2001)).

We must also place any specific word or provision in context with other "related provisions so as to give sense to the legislation as a whole."  Ibid. (quoting Ryan v. Renny, 203 N.J. 37, 54 (2023)).  We therefore read subsection (a)(5) not in isolation but in context with other provisions of N.J.S.A. 2C:35-14.  Further, we "presume that every word in [the] statute has meaning and is not mere surplusage."  M.R. v. N.J. Dep't of Corrs., 478 N.J. Super. 377, 387 (App. Div. 2024) (alteration in original) (quoting Cast Art Indus., LLC v. KPMG LLP, 209 N.J. 208, 222 (2012)).  At the same time, we must interpret the statute "in an integrated way without undue emphasis on any particular word or phrase and, if possible, in a manner which harmonizes all of its parts so as to do justice to its overall meaning."  Malzberg v. Josey, 473 N.J. Super. 537, 551 (App. Div. 2022) (quoting Miah v. Ahmed, 179 N.J. 511,

521 (2004)).  "[W]here a word or phrase occurs more than once in a statute, it should have the same meaning throughout, unless there is a clear indication to the contrary."  L.A. v. N.J. Div. of Youth & Fam. Servs., 217 N.J. 311, 333 (2014) (quoting Oldfield v. N.J. Realty Co., 1 N.J. 63, 69 (1948)).

For purposes of context, we next provide background of the Recovery Court diversionary program and detail its eligibility criteria.  As we explained in State v. Matrongolo, 479 N.J. Super. 8, 18-19 (App. Div. 2024):

> Recovery Court is not a creature of the Legislature, but of the judiciary, and was developed in accordance with the Court's "exclusive authority under the New Jersey Constitution to administer the courts" and "execute[] its policies through the Administrative Office of the Courts" (AOC).  State v. Meyer, 192 N.J. 421, 430 (2007) (citing N.J. Const. art. VI, § 2, ¶ 3 and In re P.L. 2001, Chapter 362, 186 N.J. 368, 381-82 (2006)).  While Recovery Court is a sentencing option, and thus rooted in legislative enactment, it is "a subpart of the criminal part of the Law Division," and its eligibility criteria are a matter of judicial policy expressed through AOC Directive and the [Recovery Court] Manual.  Meyer, 192 N.J. at 430-31; see also Pressler & Verniero, Current N.J. Court Rules, cmt. 2.1 on R. 1:1-1 (2024) (discussing the Court's authority over practice and procedure of the courts).
>
> [(alterations in original) (citations reformatted).]

Recovery Court admits individuals on two "distinct and mutually exclusive tracks."  Id. at 23 (quoting State v. Harris, 466 N.J. Super. 502, 551 (App. Div. 2021)).  Track One applicants are those who are "presently subject

14

to the presumption of imprisonment in N.J.S.A. 2C:44-1(d) or to a mandatory term of parole ineligibility," while Track Two applicants are those "not presently subject to the presumption of imprisonment as defined in N.J.S.A. 2C:44-1(d) or to a mandatory term of parole ineligibility." Ibid. (quoting Harris, 466 N.J. Super. at 551). A Track One applicant "must meet all the eligibility criteria for 'special probation' enumerated in N.J.S.A. 2C:35-14(a)." Harris, 466 N.J. Super. at 510.

With these principles in mind, we address specific provisions of N.J.S.A. 2C:35-14, which in our view support the judge's conclusion that subsection (a)(5) refers to a weapons offense to which an applicant seeks admission to Recovery Court and any firearms offense that remains pending at the time a defendant seeks such admission. Specifically, we focus on the prefatory language to subsections (a)(5) and (b) and the plain language of subsections (a)(5) and (a)(7).

Subsections (a)(5) and (a)(7), inclusive of the preliminary language, provide in pertinent part:

> Notwithstanding the presumption of incarceration pursuant to the provisions of subsection d. of N.J.S.[A.] 2C:44-1, whenever a person with a substance use disorder who is subject to sentencing under this section is convicted of or adjudicated delinquent for an offense, other than one described in subsection b. of this section, the court, upon notice to the prosecutor, may, on motion of the person, or on

A-1648-23

the court's own motion, place the person on special probation, which shall be for a term of five years, provided that the court finds on the record that:

. . . .

(5) the person did not possess a firearm at the time of the present offense and did not possess a firearm at the time of any pending criminal charge; and

(6) the person has not been previously convicted on two or more separate occasions of crimes of the first[-] or second[-]degree, other than those listed in paragraph (7); or the person has not been previously convicted on two or more separate occasions, where one of the offenses is a crime of the third[-]degree, other than crimes defined in N.J.S.[A.] 2C:35-10, and one of the offenses is a crime of the first[-] or second[-] degree; and

(7) the person has not been previously convicted or adjudicated delinquent for, and does not have a pending charge of murder, aggravated manslaughter, manslaughter, kidnapping, aggravated assault, aggravated sexual assault or sexual assault, or a similar crime under the laws of any other state or the United States . . . .

[N.J.S.A. 2C:35-14(a) (emphasis added).]

Subsection (b) states:

A person shall not be eligible for special probation pursuant to this section if the person is convicted of or adjudicated delinquent for:

(1) a crime of the first[-]degree;

16                                                                    A-1648-23

(2) a crime of the first[-] or second[-]degree enumerated in subsection d. of section 2 of P.L.1997, c.117 (C.2C:43-7.2), other than a crime of the second[-]degree involving N.J.S.[A.] 2C:15-1, robbery, N.J.S.[A.] 2C:18-2, burglary, or section 2 of P.L.2024, c.83 (C.2C:18-2.2), residential burglary;

(3) a crime, other than that defined in section 1 of P.L.1987, c.101 (C.2C:35-7), for which a mandatory minimum period of incarceration is prescribed under chapter 35 of this Title or any other law; or

(4) an offense that involved the distribution or the conspiracy or attempt to distribute a controlled dangerous substance or controlled substance analog to a juvenile near or on school property.

[N.J.S.A. 2C:35-14(b).]

Based on these provisions, we discern three distinct categories of offenses that serve to disqualify a Track One candidate from Recovery Court: (1) "present offenses" (offenses to which a Track One applicant seeks admission to Recovery Court); (2) "other pending charges" (pending charges different from any offense to which a Track One applicant seeks admission into Recovery Court); and (3) "prior convictions."

The parties' dispute centers around the second clause of subsection (a)(5), which requires the court to find a Track One Recovery Court applicant "did not possess a firearm at the time of any pending criminal charge." If, as

the State contends, "at the time of any pending criminal charge" means during the pendency of any criminal charge—including the charge for which a defendant seeks to enter Recovery Court—defendant would not be eligible for Recovery Court. On the other hand, if "at the time of any pending criminal charge" means in the commission of any offense still pending at the time of application, as the judge concluded, defendant would be eligible. We are convinced the language of N.J.S.A. 2C:35-14, taken as a whole, and the legislative intent behind the statute and the Recovery Court program fully supports the judge's decision.

First, the judge correctly found that to qualify as a "pending charge" under subsection (a)(5), the firearms charge must still be pending at the time defendant seeks admission into Recovery Court. That is, so long as a firearms charge is resolved prior to a defendant's application, whether by plea or otherwise, the charge will not bar a defendant's entry into Recovery Court under subsection (a)(5).

In reaching this conclusion, we reject the State's argument our interpretation would "incentivize similarly situated defendants to delay their other criminal matters in order to resolve their unlawful possession of a firearm charge before applying to Recovery Court on their other pending charges, effectively circumventing the disqualifying bar of factor [(a)](5)." As

18

the judge recognized, in the unlikely circumstance where a defendant could postpone their application to Recovery Court, once the matter has been resolved, the court may still consider a defendant's conduct with respect to its "danger to the community" analysis under N.J.S.A. 2C:35-14(a)(9). A charge still pending at the time an applicant seeks admission to Recovery Court, however, substantially hinders the court from making that necessary determination.

Second, the State's construction of subsection (a)(5) would render its first clause superfluous. Indeed, if a Recovery Court applicant cannot "possess a firearm at the time of any pending criminal charge," and "any pending criminal charge" includes the present offense, it would be unnecessary to further specify an applicant cannot "possess a firearm at the time of the present offense." Such a construction would improperly render the first clause of subsection (a)(5) "mere surplusage." M.R., 478 N.J. Super. at 387 (quoting Cast Art Indus., 209 N.J. at 222).

Third, the State's interpretation of subsection (a)(5) fails to "harmonize[] all of [the statute's] parts so as to do justice to its overall meaning." Malzberg, 473 N.J. Super. at 551 (quoting Miah, 179 N.J. at 521). It is clear from the plain language of N.J.S.A. 2C:35-14 the Legislature did not intend to exclude from Recovery Court all applicants who possessed firearms in the past. Such

19

offenses are conspicuously absent from subsection (a)(7), which details specific disqualifying convictions. The Legislature could have included firearms offenses in that provision but did not. Additionally, in Maurer, we specifically held a Track One applicant "may . . . have a prior conviction for a weapons charge and still be eligible for [Recovery] Court." 438 N.J. Super. at 415.

Fourth, we are convinced the State's interpretation is inconsistent with the definition of "pending charge" used in subsection (a)(7). In Ancrum, the defendant pled guilty to second-degree burglary, second-degree robbery, and second-degree aggravated assault, among other charges. 449 N.J. Super. at 528. Because Ancrum's aggravated assault charge merged with his convictions for burglary and robbery, the Recovery Court judge reasoned he was not statutorily barred from entry into Recovery Court. Id. at 529. Although we reversed the Recovery Court's decision because Ancrum's aggravated assault conviction made him legally ineligible for entry into Recovery Court under subsection (b)(2), id. at 536-39, we also noted "pending charge" as used in subsection (a)(7) did not refer to the charges for which a defendant sought to enter Recovery Court, id. at 535.

The Legislature has not amended the statute in the seven years since that decision despite being aware of our construction. See Maeker v. Ross, 219

N.J. 565, 575 (2014) (noting "the Legislature is presumed to be aware of judicial construction of its enactments" (quoting DiProspero, 183 N.J. at 494)). Absent a "clear indication to the contrary," words repeated in a statute should be construed consistently. L.A., 217 N.J. at 333 (quoting Oldfield, 1 N.J. at 69). We are satisfied N.J.S.A. 2C:35-14 provides no such "clear indication" that "pending charge" should be interpreted differently in sections (a)(5) and (a)(7).

Fifth, we conclude the State's interpretation of the statute would improperly create a fourth category of disqualifying offenses "for offenses committed while on bail or pretrial release, which would only apply to firearms offenses." That result is entirely inconsistent with other provisions of the statute in which it is clear that a prior conviction involving possession of a firearm does not render an applicant ineligible for Track One unless the conviction is for one of the enumerated offenses in subsection (a)(7).

In other statutes involving offenses committed while on pretrial release, the Legislature used markedly different language than that employed in subsection (a)(5) when addressing those charges. See, e.g., N.J.S.A. 2C:44-5(h) (providing term of incarceration "for an offense committed while released, with or without bail, pending disposition of a previous offense . . . shall run consecutively to any sentence of imprisonment imposed for the

previous offense."); N.J.S.A. 2C:44-5.1(a) (providing for extended term of imprisonment where a defendant convicted of certain offenses "if, at the time of the commission of the crime, the defendant was released on bail or on his own recognizance for one of the enumerated crimes and was convicted of that crime"); N.J.S.A. 2A:162-24(a) (permitting court to revoke defendant's pretrial release "upon a finding of probable cause to believe that the eligible defendant has committed a new crime while on release" after making certain other findings). Although the Legislature is certainly not required to use identical language throughout the Code of Criminal Justice, we are persuaded the absence of the word "release" from subsection (a)(5), suggests it did not intend to address offenses committed on pretrial release.

Sixth, we are also convinced the State's interpretation of subsection (a)(5) is contrary to the intent underlying the statute as a whole. As we discussed in <u>Matrongolo</u>, changes to the Recovery Court Manual since its inception and case law interpreting that Manual and N.J.S.A. 2C:35-14 have demonstrated "a repeated intent to expand access to Recovery Court" where proper. 479 N.J. Super. at 22; <u>see also</u> <u>Meyer</u>, 192 N.J. at 423-24 (rejecting State's argument "that only those defendants eligible for 'special probation' under N.J.S.A. 2C:35-14 may be admitted into" Recovery Court); <u>Maurer</u>, 438 N.J. Super. at 417-18 (modifying eligibility criteria for Track Two applicants

as stated in the 2002 Recovery Court Manual to adhere to the 2012 amendment to N.J.S.A. 2C:35-14, which expanded access for Track One applicants); Figaro, 462 N.J. Super. at 578-79 (concluding statutory criteria and exclusions for Track One applicants did not govern Track Two applicants, but could be relevant to the court's decision); Harris, 466 N.J. Super. at 545 (finding interpretation of the 2012 amendment to the special probation statute "that would have the practical effect of restricting access to [Recovery] Court contravenes the legislative purpose," the "overarching goal" of which was "to enlarge, not reduce, the pool of defendants who could participate in [Recovery] Court").  The State's erroneous construction is inimical to these goals.

We are unpersuaded by the State's argument that defendant's proposed construction, which we adopt, would lead to "an absurd and unreasonable result" such that individuals who have outstanding firearms charges, and enjoy the presumption of innocence, are barred from entry into Recovery Court while those who are found guilty, by plea or otherwise, are legally eligible.  On the contrary, it is the State's construction that would lead to an unreasonable and unfair result.

Indeed, as Judge Hanna correctly noted, the State's argument fails to acknowledge that under its interpretation, an applicant could be excluded from

A-1648-23

Recovery Court even though their firearm-related offense was later dismissed. And, the State's rebuttal—that a dismissal or acquittal would demonstrate the applicant did not possess a firearm and thus they would not be ineligible under subsection (a)(5)—fails to address the reality that dismissals are based on numerous reasons independent of whether a defendant committed the offense charged, such as an unconstitutional seizure, and when the offense is downgraded to a lesser charge, for example.

Our interpretation is entirely consistent with N.J.S.A. 2C:35-14, which does not prohibit individuals with "a prior conviction for a weapons charge" from Track One eligibility, see Maurer, 438 N.J. Super. at 415, and equally important, it acknowledges the practical considerations and realities attendant to Graves Act offenses. As the judge observed, the majority of Graves Act offenses result in a prison sentence, which would remove Recovery Court as an option, as an incarcerated defendant cannot be sentenced to a concurrent probationary term under those circumstances. In those situations where a Graves Act defendant is sentenced to a non-custodial probationary sentence like defendant, the court can consider that offense to the extent defendant represents a danger to the community under N.J.S.A. 2C:35-14(a)(9).

In sum, we are in full accord with Judge Hanna's decision to admit defendant to Track One Recovery Court. A firearms charge must still be

pending at the time a defendant seeks admission into Recovery Court.  The State's interpretation of subsection (a)(5):  renders its first clause superfluous; interposes a restriction not specified by the Legislature; is inconsistent with previous definitions of the same term in subsection (a)(7) under Ancrum; and departs from the clearly defined legislative intent to expand access to Recovery Court.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1648-23